## GERTRUDE R. GILLUM ET AL. *v.* MARY A. CASE.

1. EJECTMENT. *Mesne profits. Improvements. Judgment. Code 1892, § 1673.*

   The effect of § 1673, code 1892, is to require the jury to find in favor of a successful plaintiff in ejectment the amount of rents and profits, and, as against this, in favor of defendant, the value of improvements and taxes, in all cases where the declaration demands mesne profits, or where the defendant claims for improvements and taxes. The assertion of such claim by either party necessarily involves the whole matter of the accounting as provided for by said section.

2. SAME. *Action for mesne profits. Former suit. Res judicata.*

   Accordingly, although a plaintiff in ejectment fails to demand or prove mesne profits and rents, if the defendant pleads and is allowed for improvements (which, under the statute, are a charge on the land) and pays plaintiff the value of the land, without the improvements as assessed, the latter cannot afterwards resort to an independent action to recover of defendant mesne profits.

FROM the circuit court of Jackson county.

HON. S. H. TERRAL, Judge.

The case is stated in the opinion.

*Ford & Ford*, for appellants.

At common law an action for mesne profits was brought only after recovery in ejectment. Tyler on Ejectment, 838;

Sedgw. & Waite on Trial of Title to Land, § 649. But we submit that by the terms of § 1673, code 1892, defendant in the court below was put to her election whether she would defend by interposing a simple plea of not guilty or to plead the value of her improvements. She did plead the value of the improvements, and had them assessed, and subsequently paid the value of the land to plaintiff, and execution on the judgment was perpetually stayed. Her claim for improvements was thereby fully satisfied, and she cannot now be permitted to set off this claim for improvements against plaintiff's claim for mesne profits. When defendant became owner of the land, she also became owner of the improvements, and their value was no longer a debt that plaintiff owed her. It is as though she had collected the value of the improvements. To constitute a set-off, there must be a present indebtedness such as would be the basis of an action. 7 How. (Miss.), 386; 60 Miss., 733.

*Calhoon & Green,* on the same side.

At common law, and prior to the code of 1871, improvements could only be set up by defendant when rents were claimed by plaintiff. By § 1557, code 1871, it was provided that improvements might be claimed *in all cases,* and this was rendered more certain by the amendatory act of 1872 (Laws, p. 25), where it was provided that the improvements might be pleaded whether rents were claimed or not. The substance of this amendment was brought forward in § 2521, code of 1880, which appears in code 1892, §§ 1673, 1674.

Under the code of 1871 it was held that plaintiff could either embrace rents in his action of ejectment or subsequently sue for them. *Emrich* v. *Ireland,* 55 Miss., 390. Even without the act of 1872, which was not referred to in the opinion, this interpretation is manifestly correct. See Code 1892, §§ 1638, 1673. Looking to the history of the legislation, it would seem that all doubt should be dispelled, and that the meaning of the statute is that the element of

rents is or is not a part of the action of ejectment according
to the averments of the declaration, and that improvements
are allowable either in the ejectment or in the suit for rents,
but not in both. It is clear the value of the mesne profits
and damages could not be found in the ejectment suit, and
the judgment of the court fixed the value of the improve-
ments, and the value of the land without the improvements.
Mesne profits and damages, not being sued for, could not
have been, and were not, embraced in the finding.

If this case be affirmed, and no recovery can be had for
rents, then the protection of the equity of the appellee in
securing remuneration for improvements has swallowed up
the legal rights of appellant, and, without compensation,
satisfied the debt for rents.

That the rents might have been sued for but were not, at
plaintiff's selection, does not render the demand *res judi-
cata. Hubbard* v. *Flynt,* 58 Miss., 266.

*Nugent & Mc Willie,* for appellee.

Plaintiff failed to make his demand in the action of eject-
ment, and he cannot be relieved, even in equity, for what he
has omitted, for the opportunity then was offered to establish
his full right, and that adjudication covers all that might
have been established in that issue. *Thomas* v. *Phillips,* 4
Smed. & M., 358; *Agnew* v. *McElroy,* 10 *Ib.,* 552. *Emrich* v.
*Ireland,* 55 Miss., 390, relied on by appellant, merely says
that a recovery in ejectment by default, with nominal dam-
ages, does not bar a subsequent action for waste *eo nomine.*
This has always been and still is the law.

Under the code of 1871 it was held that the statute pro-
vided for a full and fair adjustment by the jury of all the
claims which the defendant might assert for improvements,
and of all claims which the plaintiff might have for mesne
profits. *Bell* v. *Medford,* 57 Miss., 31.

By the code of 1880 the defendant was authorized to plead
improvements, whether the plaintiff sued for mesne profits

or not. The exercise by the plaintiff of his option not to sue for them, does not cut off the exercise by the defendant of his option to plead and recover for improvements. A fair conception of the present statute is that it gives the right *sub modo*—that the defendant has the right in all cases, whether plaintiff counts in ejectment for mesne profits or not, or brings a separate suit, to plead and recover improvements. The exercise of the option by either party entails a burden on the other. Defendant having pleaded the value of improvements, plaintiff omitted at his peril to prove his mesne profits.

As to the conclusive effect of action in ejectment, see 15 S. W. Rep., 1049; 17 *Ib.*, 509. After judgment in ejectment, an action for mesne profits does not accrue until after possession is given. *Murphy* v. *Guion*, 2 Murphy (N. C.), 238, s.c. 2 Am. Dec., 633. See also *Carson* v. *Smith*, 1 Jones (N. C.) Law, 106; *Nelson* v. *Allen*, 1 Yerger (Tenn.), 361; *Zimmerman* v. *Eshbach*, 15 Pa. St., 417. The right of appellee to offset a judgment for improvements against a claim for mesne profits is well established. *Turner* v. *McAdory*, 58 Miss., 27.

COOPER, J., delivered the opinion of the court.

This is an action brought by the appellants to recover from the appellee mesne profits of certain lands received by appellee from December, 1880, to May, 1889.

The defendant pleaded that the plaintiffs had, before that time, instituted against her an action of ejectment for the recovery of the possession of the lands the mesne profits of which are demanded in the present suit, in which action the defendant had set up and claimed for valuable and permanent improvements; and that, on the eleventh day of December, A.D. 1891, the plaintiffs had recovered a judgment in said former proceedings for the possession of said lands, but it was in said proceeding also determined and adjudged that the value of the improvements put upon the land by the de-

fendant was the sum of three thousand seven hundred dollars, for which sum it was adjudged the defendant had a lien upon the lands. The sum thus found due, the defendant pleaded as a set-off against the plaintiffs' demand. To this plea the plaintiffs replied that, in the action of ejectment they had not demanded mesne profits against the defendant; that by the verdict of the jury in that action the following facts were found:

1. That the plaintiffs were entitled to recover the possession of the land.

2. That the value of the land, exclusive of improvements put thereon by the defendant, was $450.

3. That the value of the improvements put on the land by the defendant was $3,700; that the plaintiffs declined to pay to the defendant the value of her improvements as assessed by the jury, and thereupon the defendant paid to the plaintiffs the value of their lands as found by the jury, and was awarded a perpetual stay of execution, as provided by the statute; wherefore the plaintiffs insist by their replication that the demand pleaded by the defendant as a set-off has been fully paid and discharged. To this replication, the defendant demurred, and her demurrer was sustained, and, the plaintiffs refusing to further reply, judgment final was rendered against them, from which they appeal.

Our statute by which the question involved is controlled, is as follows: "In all cases where the defendant in ejectment would be liable for mesne profits and damages, the plaintiff may declare for and recover the same in the action of ejectment, or he may have his action for mesne profits after the recovery in ejectment as heretofore; but it shall be lawful in all cases for the defendant in ejectment, whether the plaintiff demand mesne profits or damages or not, or in an action for mesne profits, to plead the value of all permanent, valuable and not ornamental improvements made by the defendant on the land, or by any one under whom he holds, before notice of the intention of the plaintiff to bring the action,

and all taxes that may have been lawfully paid on the land by defendant or those under whom he holds up to the date of trial, including interest, costs and damages incident to such taxes; but a defendant shall not be entitled to such compensation for improvements or taxes unless he claim the premises under some deed or contract of purchase acquired or made in good faith." Code of 1892, § 1673; Code of 1880, § 2512.

" The jury shall find the actual cash value of such improvements, and the amount of taxes paid, the value of the mesne profits and damages, and the actual cash value of the land without the improvements; where the value of the improvements and taxes exceeds the value of the mesne profits and damages, the defendant shall have a lien upon the land for the difference between the value of the mesne profits and the value of improvements and taxes so found, and execution shall not issue in favor of the plaintiff until he shall have paid the amount so found due to the defendant; and unless the plaintiff, within three months after the rendition of the verdict, pay the amount so found due, the defendant may pay to the plaintiff the assessed value of the land, with interest from the date of the verdict, and pay the costs of the suit, and thereupon the execution of the judgment for the recovery of the land shall be perpetually stayed; and if the defendant fail to pay to the plaintiff the value of the land so assessed, with interest and costs of suit, within three months after the expiration of the time allowed the plaintiff for making payment, an execution shall issue for the sale of the land recovered in the ejectment." Code 1892, § 1674; Code 1880, § 2512.

By the code of 1880 (§ 2512) it was provided that out of the proceeds of the sale of the land, after payment of costs, the plaintiff should first be paid the assessed value of the land, with interest from the day of verdict, and then that the defendant should be paid the assessed value of the improvements above the value of the mesne profits and damages, with

interest as aforesaid, if the residue should be so much; and, if a surplus should remain, the same should be ratably divided between the plaintiff and the defendant. By the code of 1892 it is provided that the proceeds of the sale, after payment of costs, "shall be divided between the plaintiff and the defendant in proportion to the sums due them respectively, as found by the verdict." See § 1675.

It is contended for the plaintiffs that they were allowed by law either to demand mesne profits and damages in the action of ejectment, or to pretermit the demand in that suit, and afterwards prosecute another for the damages and profits alone; that the defendant was, in like manner, permitted to interpose her claim for improvements in the action of ejectment, and fix it as a lien on the property, or to withhold it to be asserted in any suit that the plaintiffs might thereafter institute to recover mesne profits and damages; that the defendant's claim has not only been adjudicated in the former suit, but has been finally and fully paid and discharged by the acquisition of title by her of the land on which the improvements are located; that to permit the defendant to secure the land and the improvements by paying to the plaintiffs the value of the land without the improvements, and then to set off, as against the present demand for mesne profits and damages, the value of such improvements, is to allow her to recover twice on the same demand. For the defendant it is argued that the same statute by which it is provided that the plaintiffs could recover mesne profits and damages in the action of ejectment or in a subsequent suit, also provides that the defendant may, in "all cases" in ejectment, or in the separate action for mesne profits, plead the value of improvements made by him or those under whom he holds; and so it is contended for the defendant that she may set up against the plaintiffs the value of the improvements made by her so often and wherever she is pursued by them touching her occupancy of the land, the receipts of the profits thereof or injury thereto.

We do not think it possible for the defendant to maintain that she is now the owner of a liquidated and adjudicated demand against the plaintiffs which can be relied on as a set-off. The plaintiffs never owed her any thing, and she never could have maintained an action against them to compel them to pay to her the value of the improvements she had placed upon the land. For the protection of her possession of the land, the statute permitted her to interpose her claim to the extent that she and those under whom she claimed had improved the estate. But when she exercised the right conferred by the statute of paying to the owners the value of the unimproved land, and thus became owner of the soil on which the improvements rested, the right to compensation for improvements was merged in her complete beneficial ownership of them as parts of her legal estate in the land.

But, though, in the particular form of defense made prominent in the pleadings, the judgment appealed from cannot be supported, we think a right result has been reached, and that the judgment should be affirmed.

The obvious purpose and effect of the statute is to coerce a settlement of all the respective and correlative rights of the parties in one proceeding, if either the plaintiff or defendant shall invite thereto.

It is true that the plaintiffs did not demand mesne profits and damages by their declaration in the action of ejectment, but the defendant was nevertheless authorized by the statute to interpose her claim for improvements, and, that being done, there was involved the whole matter of accounting between the parties. If the plaintiff in ejectment makes no demand for mesne profits, and the defendant sets up no claim for improvements, and the plaintiff thereafter institutes an action for mesne profits, the defendant may then plead the value of the improvements in defense, and this by the express terms of the statute; but he may not go into equity to fix a charge

upon the land recovered in the ejectment. *Gaines* v. *Kennedy*, 53 Miss., 103.

But by the statute it is expressly declared that when the defendant pleads the value of his improvements "the jury shall find the actual cash value of such improvements, and the amount of taxes paid, the value of the mesne profits and damages, and the actual cash value of the land without improvements." This is required to be done by the jury, in order that the equities of the parties may be worked out. The amount found due for improvements on the one side is offset and canceled to the extent of the amount found due for profits and damages to the other, and it is the balance only that is due to the larger creditor, and if he be the defendant, a lien is fixed upon the land to secure its payment, and this for the reason that the land has been bettered to that extent by the money of the defendant. Because from necessity the conflicting demands of the parties must be considered to adjust their relative rights, it is not permitted to the plaintiff to omit to prove the mesne profits and damages to which he is entitled, where the defendant has interposed his claim for improvements, and then resort to an independent action therefor. Though the facts pleaded are not available to the defendant as a set-off, they disclose a bar to the plaintiffs' action, and the judgment is

*Affirmed.*