VINSON ET AL., *v.* COLONIAL & UNITED STATES MORTGAGE
CO. ET AL.

[76 South. 827, Division A.]

1. JUDGMENT. *Res judicata. Decree in partition.*
  Where a decree in a former partition suit, following the pleadings
  and proof adjudicated the amounts paid for taxes by defendants
  therein, together with the improvements of the land all of which
  went to offset the claim of rents and profits due the plaintiff there-
  in for use and occupation of the land for the years prior to that
  time which decree was affirmed on appeal by defendants, who
  gave a supersedeas bond conditioned to pay all damages and
  rents awarded by the supreme court on final hearing of the ap-
  peal. In such case the defendants therein are precluded from
  again claiming as an offset to the rents and profits the taxes paid
  by them on the land prior to the original decree, the matter being
  *res adjudicata.*

2. JUDGMENT. *Res judicata. Matters necessarily involved.*
  In such case even though the taxes were not pleaded, proven, and
  adjudicated by the lower court as an offset to the rents and
  profits, they might and should have been, as being necessarily
  involved so that the claim is therefore *res judicata.*

APPEAL from the Chancery Court of Holmes county.
HON. A. Y. WOODWARD, Chancellor.

Partition proceedings by Mrs. J. A. Vinson and others
against the Colonial & United States Mortgage Com-
pany and others with counterclaim by defendants. From
a decree for defendant, plaintiff appeals.

This case is now in the supreme court for the second
time. The facts of the case necessary to an understand-
ing of the points involved are fully stated in the
opinion of the court in the former decision. See *Watson*
v. *Vinson,* 108 Miss. 600, 67 So. 61. In that case the
chancellor held that the appellants here owned a three-
fourths undivided interest in the lands in controversy,
and that appellee Mrs. Fannie M. Watson owned a
one-fourth interest in said lands, and entered a de-
cree accordingly on August 13, 1913, which was affirmed
by the supreme court January 25, 1915, in the case

*supra.* When the appeal in the former case was taken to the supreme court, the appellees here, who were appellants in the other case, executed a *supersedeas* bond, which provided that they would "pay such costs, damages, and rents as shall be awarded by the supreme court of Mississippi on the final hearing of this appeal."

After the mandate of the supreme court was received by the lower court in May, 1915, appellants made demand of appellee Mrs. Watson for rents for the years 1913 and 1914, during which years she had remained in possession of said lands, claiming the same under the provisions of the will of her late husband, Dr. J. H. Watson, Sr., who was the father of appellants, and which rents she had collected during the time the former case was pending on appeal in the supreme court. afterwards, by supplemental petition appellants prayed that the rents for the year 1915 also be ascertained and awarded appellants.

The chancellor declined to allow the rents for these years, upon the theory that, in addition to paying taxes for those years, appellee Mrs. Fannie M. Watson had since the death of Dr. Watson paid all taxes upon said lands, and that from the death in 1884 of Mrs. Abbie T. Watson, the first wife of Dr. Watson and the mother of the appellants, up to the date of Dr. Watson's death, all taxes had been paid by Dr. Watson, whose sole devisee was appellee Mrs. Fannie M. Watson, and that therefore appellants' claim for rents was not as great as the equitable claim of Mrs. Fannie M. Watson against them for taxes during the period of years extending from the death of Mrs. Abbie T. Watson.

Appellants claimed, however, that all claim for taxes and improvements prior to the years 1913 had been adjudicated by decree of the chancellor in the former case, and that the claim for taxes for the years between the death of their mother and the death of their father had been offset by the rents to which appellants would have been entitled for said years, and that therefore any claim

of appellee Mrs. Fannie M. Watson for taxes paid by her or Dr. Watson during the years prior to 1913 had been adjudicated.

*E. F. Noel* and *Boothe & Peeper,* for appellant.

*Elmore & Ruff* and *J. H. Watson,* for appellee.

HOLDEN, J., delivered the opinion of the court.

In the original partition suit filed by the instant appellants there was a decree of the chancery court favorable to them, and upon appeal to the supreme court the decree was affirmed. When the mandate of this court reached the lower court, the present proceeding now before us was started by the instant appellants for the purpose of enforcing payment of damages and rents due instant appellants which were secured by a certain *supersedeas* bond executed by the appellants in the first appeal. When this proceeding was begun in the lower court in accordance with the affirmance of the decree by the supreme court, the instant appellees, who were defendants in the original suit, filed a claim of offset against the appellants' claim for damages and rent, said offset being a claim for taxes paid on the land by Mrs. Watson, one of the appellees here now, for about twenty-eight years prior to the time that the original decree was obtained. Upon a hearing by the chancellor of the matters then and there presented by the proceedings and pleadings, the chancellor allowed the offset of the taxes paid for about twenty-eight years on the land by he instant appellees, which entirely offset and canceled the claim of the instant appellants for damages and rents accrued and due them for the use and occupation of the land by the instant appellees as provided in the *supersedeas* bond in the original appeal. From this decree the instant appellants appeal here, and urge that the amount paid out as taxes on the land for the years

preceding the date of the decree of the lower court in the original suit could not be pleaded as an offset to the damages and rents due the instant appellants and secured by the *supersedeas* bond of five thousand dollars herein, because the said claim of taxes paid was considered and allowed by the court in the original adjudication along with the improvements of the land as an offset against the claim of rents and profits which accrued to the instant appellants for the use and occupation of the land for the years previous to the decree of the lower court in the original suit.

It appears from the pleadings in the original suit, and proof offered by the parties, and also the decree of the chancellor in the  original suit, that the amount claimed for taxes paid upon the land by the instant appellees was claimed and proved in the original suit, and was considered and adjudicated by the chancery court as part of the offset together with the improvements of the land, all of which went to offset the claim of rents and profits due the instant appellants for the use and occupation of the land for the years prior to that time. It is contended by the appellees in the present appeal that the amount of taxes paid out by appellees was not claimed nor allowed as an offset in the original suit, but that the proof with reference to the taxes paid out was made for the purpose only of establishing adverse possession of the land in appellees.

But the pleadings show the claim of taxes paid by instant appellees, and the tax receipts were introduced in evidence by the instant appellees, showing the amount of taxes paid out by them, also proof was made by instant appellees of the improvements made upon the lands. As against this the instant appellants claimed and proved the rents and profits due them by the instant appellees for the use and occupation of the land. The chancellor, having heard and considered all of this evidence, decreed, in effect, that the claims of the instant appellants for rents and profits for the use and occupa-

tion of the land for the previous years was offset by the improvements made and taxes paid on the lands for the previous years by the instant appellees. These matters having been set up in the pleadings, proved by the parties, they were duly considered and finally adjudicated by the chancellor, and therefore, when the present proceeding was started in the lower court after the mandate of this court had been filed below, the instant appellees were precluded from again claiming as an offset the taxes paid by them on the land for the years prior to the date of the original decree in the lower court.

But if there was any doubt as to the offset of taxes having been pleaded, proved, considered, and adjudicated by the lower court, we would still be of the opinion that the instant appellees could not plead the offset of taxes paid when the present proceeding was started in the lower court, for the reason that, if the offset for taxes was not pleaded and adjudicated, it might and should have been pleaded and proven by appellees, and adjudicated by the lower court at that trial, as it was necessarily involved, and the claim is therefore *res judicata.* This rule is well established. Section 3525, Code 1906; *Walker* v. *Williams,* 84 Miss. 392, 36 So. 450; *Gillum* v. *Case,* 71 Miss. 848, 16 So. 236; *Stewart* v. *Stebbins,* 30 Miss. 66; *Moody* v. *Harper,* 38 Miss. 599; *Davis* v. *Davis* 65 Miss. 498, 4 So. 554; *Hubbard* v. *Flint,* 58 Miss. 266; 15 R. C. L. 962.

There is another question in the case presented by this appeal, which is that the offset for taxes could not be successfully pleaded in the instant proceeding in the lower court because the offset was barred by the statute of limitations. But we deem it unnecessary to pass upon this question, as the decision of the questions above is sufficient to settle the controversy.

The decree of the lower court is reversed, and the case remanded.

*Reversed and remanded.*