DEAN *et al. v.* BOARD OF SUP'RS OF DE SOTO COUNTY *et al.*

(Division A.   March 31, 1924.   Suggestion of Error Overruled April 28, 1924.)

[99 So. 563.   No. 23746.]

1. JUDGMENT.   *Res judicata as to questions necessarily involved not merely those actually presented by pleadings.*

   A judgment of a court having jurisdiction of the subject-matter and the parties is *res judicata* of all questions which were necessarily involved, and which could have been presented, and not merely questions actually presented by the pleadings.

2. JUDGMENT.   *Judgment holding highway district valid held res judicata as to validity of district in subsequent action as against contention not made in first action.*

   Judgment rendered in action against board of supervisors of a county holding highway district created under Laws 1916, chapter 173, valid *held res judicata* as to validity of district, in so far as it included land within the county, in subsequent action between same parties involving the obligation of the board of supervisors of county to issue bonds of district approved at election held under Laws 1920, chapter 270, in which it was claimed that the district was void because it included land in other county, though such contention was not made in the former action, and though the judgment was void in so far as it affected the land in other county.

APPEAL from circuit court of De Soto county.
HON. GREEK L. RICE, Judge.

Mandamus by S. B. Dean and others against the board of supervisors of De Soto county and others. Judgment of dismissal, and plaintiffs appeal. Reversed and judgment rendered.

*Burch, Minor & McKay,* for appellants.

The organization of this district began at the May, 1917, term of the board, and such proceedings were had as that this court in *Board* v. *Dean,* 120 Miss. 334, affirming the judgment of the circuit court, formally adjudged that the district was legally organized and directed the issuance of mandamus requiring the board to issue the bonds. The issuance of bonds was delayed for one reason or another. The board at its February, 1923, term, passed a resolution declining to issue the bonds, but giving no reasons therefor. The district, as described in the order organizing it, embraced one hundred ninety acres of land lying across the river in Tate county. The learned circuit judge was of the opinion that, under the decision in *Borroum* v. *Purdy Road District,* 131 Miss. 738, this fact invalidated the whole district. We concede, of course, that so much of the order organizing the district as embraced this one hundred ninety acres in Tate county is a nullity, but the question here is, whether that invalidates the whole proceeding.

Our propositions are these:

(1) The rule of *de minimus.* Our district embraces fifty-four thousand one hundred eighty acres and the part of it in Tate county is only one hundred ninety acres. This is just about one-third of one percent and is too small to have influenced the judgment of the voters or the board of supervisors.

(2) Invalid portion of order creating district may be eliminated without affecting remainder. The situation just mentioned is analogous to the case in which a statute is being assailed as unconstitutional because one section, out of a number of sections, violates the con-

stitution. "A judgment may be good in part and bad in part—good to the extent that it is authorized by law, and bad for the residue." 15 R. C. L. 843; *Semmes* v. *U. S.*, 91 U. S. 21.

(3) Order creating district should be construed as embracing only De Soto county lands. The resolution of the board creating this district referred to the lands lying in De Soto county and the intention of all the parties was that only De Soto county lands were embraced In this connection the well-known rule respecting the construction of deeds is applicable—"In order to ascertain the intention of parties with respect to properties conveyed, reference may be had to state of facts as they existed when the instrument was made and to which parties may be presumed to have had reference." 18 C. J. 278; *Welborn* v. *Board,* 130 Miss. 321; *O'Herrin* v *Brooks,* 67 Miss. 255.

*Burch, Minor & McKay,* for appellants, in response to questions of the court.

I. *Are the present members of the board of supervisors of De Soto county in privity, within the res adjudicata rule, with their predecessors in office against whom the former judgment was rendered?*

Yes. The general rule has thus been stated: "An incumbent of an office is in privity with his predecessors in the same office, so as to be concluded by a judgment for or against his predecessor in any suit touching the powers, privileges, or duties of the office." 23 Cyc. 1270; *Vance* v. *Wesley* (C. C. A.), 85 Fed. Rep. 157; *New Orleans* v. *Bank,* 167 U. S. 388-9; *Society* v. *Hagerman,* 232 Mo. 693; *Starr* v. *Railroad,* 110 Fed. Rep. 3; *Hobbs* v. *Germany,* 94 Miss. 469; *Finch* v. *Dobbs,* 112 Miss. 73; *State* v. *Board,* 162 Ind. 580; *Holsworth* v. *O'Chandler,* 49 Neb. 42.

II.  *Is a judgment for or against a taxing district ren-
dered in a suit brought by one of the taxpayers of the
district and which adjudicates matters of general interest
to the whole district conclusive as to matters adjudicated
for or against all of the taxpayers of the district?*

Yes.  The consequences of a negative answer to this
question prove the unsoundness of such an answer.  There
are many resident citizens of the road district in ques-
tion who are interested in it.  Can it be that when this
court has decided that the present resident citizens—
who are suing on behalf of themselves and all other par-
ties interested—cannot successfully maintain the suit,
another citizen of the same district may commence the
litigation all over again?  And upon the failure of such
second suit can a third citizen, or set of citizens, begin
the litigation again?  Would the court, in either of the
last two cases, refuse to apply the rule of *res adjudicata?*
Suits of the kind here involved are always brought by
some interested citizen.  The statute (section 3231, Code
of 1906) provides that a petition for a mandamus may
be filed ''by any private person who is interested.''  The
authorities are in accord.  *City* v. *Walker,* 154 Ala. 232;
*People* v. *Harrison,* 253 Ill. 625; *Scotland County* v. *Hill,*
112 U. S. 183.  See, also, *Ashton* v. *Rochester,* 133 N. Y.
193, and *Sauls* v. *Freeman,* 24 Fla. 223; 23 Cyc. 1246;
*Johnson* v. *De Pauw University,* 116 Ky. 671; *Stallcup*
v. *Tacoma,* 13 Wash. 141; *Sabin* v. *Sherman,* 28 Kan.
289; *Gallaher* v. *Moundsville,* 34 W. Va. 730.

, III.  *Does the res adjudicata rule apply when the ef-
fect thereof will be to permit an illegally organized pub-
lic, or quasi-public organization to continue to function?*

With great respect, does not the question above quoted
state an impossible hypothesis?  In other words, can
we assume that this *quasi*-public corporation was ille-
gally organized?  For who is there to say there was an

illegal organization? A court of last resort and of competent jurisdiction has definitely decided that the organization was legal. *Board* v. *Dean,* 120 Miss. 334. That decision is beyond recall; it is as fixed as the laws of the Medes and Persians. Neither this court nor any other can adjudge that the decision in this case was wrong. Of course, it is within the power of the court to say, in a case involving a different road district, that the doctrine there announced should be overruled and a new and different rule can be applied to subsequent cases. But when this court, having jurisdiction of the parties and of the subject-matter, has said that the organization was legal, can this or any other court assume or now adjudge that it was illegal? Of course, if it should be shown that there was fraud in the prior case, the judgment could be set aside. Or it could be set aside if it should be made to appear that the court, in *Board* v. *Dean,* had no jurisdiction of the subject-matter or of the parties. But there is no suggestion of fraud in that decision and no denial of the fact that the court there had jurisdiction of the parties and the subject-matter. It had "the power to hear and determine." It exercised that power and there is no tribunal which may say it exercised the power wrongly.

The law is what the duly authorized tribunal has declared it to be. Our contention here, therefore, is that there can be no assumption or adjudication that our district was illegally or improperly organized, for there is on record in this court a judicial declaration, both by the circuit court and this court in affirmance thereof, that this district was legally organized. That holding was in pursuance of the recognized rule, which has already been referred to, which gives effect to the intention of the parties in construing doubtful language as to boundaries.

The adoption of a new rule for subsequent cases cannot affect the validity of the rule applied in a prior case. *Ashton* v. *Rochester,* 133 N. Y. 187; *Sauls* v. *Freeman,*

24 Fla. 223; *Wall* v. *Wall,* 6 Cush. (Miss.) 413; *Jeter* v. *Hewitt,* 22 How. (U. S.) 352.

There is no such thing as a proceeding being valid at one time and void at another. If the organization of our district is void now it has always been so. Let us suppose that, in obedience to the mandamus which this court. in *Board* v. *Dean,* 120 Miss. 334, ordered to be issued, the board had issued the bonds of this district, the road had been constructed and the bonds had passed into the hands of innocent holders. In a suit to enjoin the levy of a tax to pay these bonds, the bondholders, intervening, would set up the fact that the bonds had been issued pursuant to a mandamus of this court. In such a situation it could not possibly be held that the bonds were void. Yet the present situation is in no essential respect different. For if the organization of this district was ever void it is still so. It cannot be valid in some situations and invalid in others. What was adjudicated in former case? In the first case of *Dean* v. *Board,* the order of the circuit judge, after overruling the demurrer, definitely adjudged that this district was legally formed. Then and now, of course, the law was that the board of supervisors of De Soto county had no jurisdiction to embrace in the road district lands lying outside the county The small portion of land lying beyond DeSoto county was never a part of this district.

This contention is in line with the uniform current of authority in this state and elsewhere, that in construing an instrument defining boundaries, the court will disregard technical rules and so construe the instrument as to give effect to the intention of the parties and render it valid rather than disregard the intention of the parties and make the instrument invalid.

*F. C. Holmes,* for appellees.

We shall devote our consideration first to the proposition as to whether the incorporation of some one hundred

and ninety acres in Tate county, Mississippi, does invalidate the district. If it does, then the decision of the other questions raised is not necessary. The supreme court of Mississippi in the case of *Theodore Borroum, et al., v. Purdy Road District,* 131 Miss. 791, reversed and remanded the cause and held that the road district was void, and the bonds issued therein were invalid for the same reason. It will be seen that in the instant case, in every step of the proceeding from the original order proposing to establish the district on down to the notice given the qualified electors, the fact is stressed that this district as constituted embraces one hundred and ninety-acres in Tate county, Mississippi. This is a proceeding in the nature of an ordinary action *in rem.*

Jurisdiction is acquired only by giving a correct and accurate description of the territory embraced in the district. As clearly stated and announced in *Borroum, et al. v. Purdy Road District, supra,* it is not within the power of the court to change the boundaries of the district so as to make them conform to law or to the territorial jurisdiction of the board. The infirmity complained of is jurisdictional, and is not cured by lapse of time, and can certainly be pleaded in bar of the plaintiff's right to a mandamus, at any time before the bonds of the district are issued. As illustrative, see *Bacon* v. *Road District* (Ark.), 248 S. W. 267; *Bennett* v. *Johnson,* 197 S. W. 1148.

The Yazoo Delta Highway Taxing District of De Soto county embracing the territory as now constituted came into existence by a trick of the law. It has maintained and preserved its existence by invoking from time to time the technicalities of the law. In our view of the case, said district must now die by a trick of the law, due among other things to a technical yet jurisdictional infirmity coexistent with its birth and which has since followed it all the way along its checkered career. The sacred writer was not far wrong, when he said, "He that lives by the sword must die by the sword." So let it be in this case.

*F. C. Holmes,* for appellees, in response to questions of the court.

I.   Are the present members of the board of supervisors of De Soto county in privity, within the *res adjudicata* rule, with their predecessors in office against whom the former judgment was rendered? Yes.  Provided this is a proper case for the application of the *res adjudicata* rule.

II.   Is a judgment for or against a taxing district rendered in a suit brought by one of the taxpayers of the district, and which adjudicated matters of general interest to the whole district, conclusive as to the matters adjudicated, for or against all of the taxpayers of the district? Yes. But the rule has no application to the case at bar.

III.   *Does the res adjudicata rule apply when the effect thereof will be to permit an illegally organized public or quasi-public corporation to continue to function?*

No, "A void judgment is in legal effect no judgment at all.  By it no rights are divested.  From it no rights can be obtained.  Being worthless in itself, all proceedings under it are equally worthless.   It neither binds nor bars anyone.  All acts performed under it and all claims flowing out of it are equally worthless."

"A void judgment or order may be disregarded collaterally and the lapse of time will not help its invalidity."  See Freeman Judgments (3 Ed.), section 117; Freeman Ex., sec. 20; *Lester* v. *Miller,* 76 Miss. 309.  See, also, *Lake* v. *Perry,* 95 Miss. 551, per WHITFIELD, C. J. See, also, *Theobald* v. *Deslonde, et al.,* 93 Miss. 208.

The Yazoo Delta Highway Taxing District under the rule announced in *Borroum* v. *Purdy Road District,* 131 Miss. 778, and of *Bryant* v. *Board of Supervisors,* 98 So. 148, is void and the order creating it is void.  Therefore, the *res adjudicata* rule cannot apply.  We therefore re-

spectfully insist that if in this case all of the other requisites for the application of *res adjudicata* rule existed, that it could not apply for the reason that the original order or judgment attempting to create said district, is void and of no effect.

Mandamus would not lie to compel the board to exercise the judicial function of creating a road district, nor the judicial function of proposing the issuance of bonds. Hence the judgment of the circuit court in so far as it adjudged the validity of the district was merely incidental to the judgment that the bonds be issued. That case was tried upon petition and demurrer. No defense was made as to the lack of jurisdiction growing out of the inclusion of one hundred and ninety acres of Tate county lands. The board appealed to the supreme court and the decision was affirmed in *Board* v. *Dean,* 120 Miss. 334. The record shows that the validity of the district was challenged because of the absence of a necessary original petition, and the authority of the board to create the district in question. But it conclusively appears that no issue was raised or decided as to the effect of the inclusion of Tate county lands.

From a careful consideration of the foregoing, it becomes manifest that the rule *res adjudicata* is not applicable to this case. Before this plea can prevail four things must be shown: 1. Identity in the things sued for. 2. Identity in the cause of action. 3. Identity of persons and parties to the action. 4. Identity of the quality in the person for or against whom the claim is made. See *Greegam* v. *Hyman,* 93 Miss. 493, cited with approval in *Jones* v. *George,* 126 Miss. 581. Sec. 23 Cyc., 1313. Conceding for the purpose of this argument that we have identity of person and parties, and identity of quality in the persons; yet there is lacking, (1) identity in the cause of action, and, (2) identity in the thing sued for. That the rule is *res adjudicata* cannot and does not properly apply in this case. No bonds have been issued and no rights of innocent bond purchasers are involved.

*Burch, Minor & McKay,* for appellants, in reply.

Throughout the consideration of this case, there must be borne in mind, the fact that upon a suit for mandamus to compel the board of supervisors to issue the bonds of this district in the sum of seventy-five thousand dollars, the validity of the organization of this district was directly assailed and the question was also made that the duty to issue the bonds was not ministerial but judicial. These questions came before the court and were definitely and clearly settled in the case of *Board* v. *Dean,* 120 Miss. 334. By the opinion in that case it was finally and definitely adjudicated that this district was lawfully and properly organized. The court definitely decided also that, the organization of this district having occurred and the bond issue having been approved by the vote of the people, there was nothing left to be done by the board of supervisors except the ministerial duty of issuing the bonds. We must decline, therefore, the implied invitation of learned counsel to re-open these questions so definitely and so clearly settled.

The decision in *Board* v. *Dean,* 120 Miss. 334, determined all the questions which could have been raised by the board under the declaration of the plaintiffs in the case. We respectfully say, therefore, that the opinion in that case is the law of this case and the judgment is *res adjudicata.* See, also, *Lincoln County* v. *Wilson,* 125 Miss. 837.

Argued orally by *H. D. Minor,* for appellants, and *F. C. Holmes,* for appellees.

ANDERSON, J., delivered the opinion of the court.

Appellants, S. B. Dean, O. C. Brewer and C. A. Cox, filed their declaration in the circuit court of De Soto county against appellee, the board of supervisors of said county, for a writ of mandamus to compel the board to

issue seventy-five thousand dollars of road bonds of Ya-zoo-Delta continuous highway taxing district, a road district in said county created under chapter 173 of the Laws of 1916. The cause was tried on pleadings and evidence, and a judgment rendered dismissing appellants' suit, from which they prosecute this appeal. It is claimed by appellants that this same cause of action between the same parties was before this court in *Board of Supervisors* v. *Dean,* 120 Miss. 334, 82 So. 257. In that cause a final judgment was rendered in favor of appellants in this cause, who were appellees in that cause. Appellants contend that the judgment rendered in said former cause is *res judicata* of the main question involved in this cause. The board of supervisors attack the validity of the organization of the Yazoo-Delta continuous highway taxing district, as well as the road bonds sought to be issued for said district, on several grounds. One of these grounds is that the district is void because there was included within its territorial limits one hundred ninety acres of land in Tate county. Appellants say in answer to this contention that that question is *res judicata;* that it was necessarily involved and determined adversely to the contention of the board of supervisors in *Board of Supervisors* v. *Dean, supra.* Other questions were argued, but we do not consider them of sufficient seriousness to call for a discussion. Suffice it to say that we find no merit in any of the grounds urged by the board of supervisors against the validity of said road district and the bonds sought to be issued therefor, except the contention that the said district is void because it includes within its territorial boundaries one hundred ninety acres of land in another county. That question, in view of what this court held in *Borroum* v. *Purdy Road District,* 131 Miss. 778, 95 So. 677, we think calls for an opinion.

The following is the case out of which said question arises: The Yazoo-Delta continuous highway taxing district, a road district of De Soto county, was organized under chapter 173 of the Laws of 1916. The proceedings

before the board of supervisors in the matter of said road district reached a state where it was the duty under the law of the board to issue the bonds of said district for the purpose of improving the public highways thereof. The board failed and refused to issue the bonds of said district. Thereupon appellants filed their declaration in the circuit court of De Soto county for a writ of mandamus to compel the issuance of said bonds. The board defended said mandamus suit on the ground that the resolutions and orders organizing said road district were illegal for several reasons, and therefore said district was void. But the question whether said district was void because there was included within its territorial limits one hundred ninety acres of land in Tate county was not specifically presented by the pleadings in said cause and decided by the court, although that fact existed then and could have been presented and determined in said cause. The trial court held said road district to be legal. There was an appeal to this court, in which that judgment was affirmed. The judgment in that cause upheld the validity of said road district, and commanded the board of supervisors to proceed with the issuance of the bonds thereof.

Because of unusual conditions growing out of the World War the board of supervisors delayed carrying out the mandate of this court in that cause until November, 1922. Conceiving that under the statute another election was necessary authorizing the issuance of said bonds because more than a year had elapsed since their issuance had been provided for, the board of supervisors, at their November, 1922, meeting, ordered such an election under chapter 270 of the Laws of 1920. The resolutions adopted by the board at that time made full provision for the issuance of seventy-five thousand dollars of bonds of said district as required by law, in the event the election should result in favor of their issuance. Under these orders and resolutions nothing remained to be done by the board after a favorable election except the issuance

of the bonds. The election was held and resulted in favor of the issuance of the bonds. Notwithstanding, the board refused to issue said bonds; and thereupon appellants filed this mandamus proceeding for the purpose of requiring the board to proceed with the issuance of said bonds.

Where a court has jurisdiction of the subject-matter and parties to a cause, its judgment rendered in such cause is not alone *res judicata* of the questions actually presented by the pleadings, but all questions necessarily involved and which could have been presented. *Lawson* v. *Shotwell,* 27 Miss. 630; *Stewart* v. *Stebbins,* 30 Miss. 66; *Moody* v. *Harper,* 38 Miss. 599; *Hardy* v. *O'Pry,* 102 Miss. 197, 59 So. 73; *Vinson* v. *Colonial & United States Mortgage Co.,* 116 Miss. 59, 76 So. 827; *Sauls* v. *Freeman,* 24 Fla. 209, 4 So. 525, 12 Am. St. Rep. 190.

In *Lawson* v. *Shotwell, supra,* the court held that, where a divorce had been granted, a suit could not afterwards be brought by the wife for alimony; that alimony should have been determined in the divorce suit, and the failure of the wife to cause such an adjudication was her fault, and a bar to her claim for alimony in another suit. In discussing the question the court said, among other things:

"Matters which appropriately belong to the case in the circuit court, and which might, by ordinary diligence, have been embraced in its decree or final action, ought not, upon principles of policy, to be again litigated between the same parties in another court. It is no answer to say that the matters were not put in issue. Why were they not in issue? Is a party to be harassed, and taxed with the costs of two suits in succession, and in different courts, when the law says one shall be sufficient? Hutch. Code, 496, section 7. This leaves out of view that wholesome rule of equity which discountenances a multiplicity of suits, touching matters which can be as well adjusted by one action. The rule is one of policy, intended

to protect innocent persons against frivolous and unnecessary litigation; and if, occasionally, under its operation, there should be a failure of justice, in consequence of the laches of one of the parties, it is better that it should be so, than that the utility of the rule itself should be in the least impaired. The public have an interest in its preservation, and the individual suitor can only complain of his own negligence, if justice should fail in his particular case, and not of the harsh operation of the rule.''

In *Stewart* v. *Stebbins, supra,* the court held that all that might have been tried in the first suit is concluded by the decree therein unless the failure to litigate the right in question was caused by the fraud of the opposite party, and is not attributable to the negligence of complaining party. And in *Moody* v. *Harper, supra,* it was held that, if defendant in an action of ejectment or in an action for mesne profits failed without sufficient excuse to set up his claim for valuable improvements, he could not afterwards come into equity for relief on that account.

The supreme court of Florida in *Sauls* v. *Freeman,* 24 Fla. 223, 4 So. 531, 12 Am. St. Rep. 190, in discussing a like question, said:

''If the judgment in mandamus was not as effectual upon the principle of *res adjudicata,* against the inhabitants of the county as it is against the county commissioners, there would be no end to litigation in such cases or in any cases against county officials as such. . . . The award of the peremptory writ adjudicated the legality of the petition in all respects and settled the question of the duty of the commissioners to call the election. . . . This bill seems to open again what had already been adjudicated. In *Cromwell* v. *County of Sac,* 94 U. S. 351, speaking of the effect of a former judgment on the same claim, it is said that it, 'if rendered on the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy,

concluding parties and those in privity with them not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' ''

In the former mandamus suit there was a court with jurisdiction of the subject-matter and the parties which rendered a final judgment adjudicating that the said Yazoo-Delta continuous highway taxing district was valid. The fact of said district containing one hundred ninety acres of land in Tate county and the effect thereof on the validity of the district, it is true, was not presented by the pleadings nor discussed in the opinion in said cause, but in passing on the question whether the said road district was void the court necessarily passed on every question which could have been urged in that case against its legality, whether such question was specifically presented and argued or not. It is contended, however, on behalf of the board of supervisors, that, under the holding of this court in *Borroum* v. *Purdy Road District, supra,* the said road district is absolutely void, and therefore the fact that this court in the former mandamus suit between these parties adjudged said district to be valid has no binding force, and is to be ignored. In other words, the holding of the court in the Borroum Case, and in said former mandamus suit between these parties, cannot stand together; that the principle of *res judicata* has no application under such circumstances.

The Borroum Case was a proceeding under chapter 28 of Laws Ex. Sess. 1917 to validate road bonds. Although the court held in that case that, where the record recites the jurisdictional facts, the order of the board of supervisors has all the effect of a court of general jurisdiction, and cannot be attacked except by direct appeal, nevertheless, where the board exceeds its territorial jurisdiction by including lands in a road district which lie in another state, the orders and resolutions creating the district are void, and the fact of the inclusion in the dis-

trict of territory beyond the borders of the state could be shown by parol testimony. Under this case, if this question had been raised in the former mandamus suit the road district here involved should have been held to be void; and clearly it was necessarily involved and could have been raised. The exact point is: Does the fact that the board of supervisors did not have jurisdiction of this one hundred ninety acres of land in Tate county render the whole judgment in said former suit void and entitle the board to relitigate that question in this court? We think not. The court had jurisdiction of the parties and of all the subject-matter involved except this one hundred ninety acres of land. The balance of the subject-matter of said litigation, namely, all of said road district situated in De Soto county, the board had jurisdiction of. In that cause a valid organization of said road district containing alone the lands in De Soto county could have taken place. We hold that under the principles of *res judicata* all the questions involved in a cause and necessarily decided are concluded as between parties and privies except in so far as the judgment rendered may have been beyond the power of the court. Certainly in the former mandamus suit between these parties a valid judgment could have been rendered as to all the lands in De Soto county. And so in the Borroum Case a valid judgment on proper proceedings could have been rendered as to all the lands there involved except those in the state of Tennessee.

The one hundred ninety acres of land in Tate county is no part of this district simply because it was beyond the jurisdiction of the board of supervisors. In the Borroum Case, if this court had held that the road district there involved was legal, the lands in the state of Tennessee included within said district in carrying out the judgment of the court would simply have been ignored on the ground that they were beyond the jurisdiction of the board of supervisors. The former judgment is the law of this case, right or wrong. The court had juris-

diction of the parties and the subject-matter, and in this case we have the same parties and the same cause growing out of the same subject-matter, and the same question necessarily involved and decided in the other cause. As said by the supreme court of the United States in *Jeter* v. *Hewitt*, 22 How. (63 U. S.) 352 (16 L. Ed. 345):
"*Res judicata* renders white that which is black, and straight that which is crooked."

Reversed, and judgment here for appellants.

*Reversed.*