Bates *v.* Strickland *et al.*[*]

(Division B.    Feb. 23, 1925.    Suggestion of Error Overruled April 20, 1925.)

[103 So. 432.   No. 24483.]

1. Appeal and Error. *Judgment presumed correct if any possible state of facts justifies it.*

   A judgment is presumed to be correct where there is any possible state of facts to justify it.

2. Judgment. *Judgment, founded on jurisdiction of subject-matter and parties, is res adjudicata of all questions necessarily involved, and which could have been presented.*

   Where a court has jurisdiction of the subject-matter and the parties in interest, its judgment is not alone *res adjudicata* of the questions specifically presented by the pleadings, but is also *res adjudicata* of all questions necessarily involved and which could have been presented.

3. JUDGMENT. *Judgment, founded on jurisdiction of subject-matter and parties, not set aside in another action directly attacking it on ground of error of law.*
Where a court has jurisdiction of the subject-matter and the parties in interest, its judgment will not be set aside in another action directly attacking the same on the ground that in its rendition the court committed an error of law, as such errors are only correctible on appeal.

4. APPEAL AND ERROR. *On affirmance of decree overruling demurrer to bill, former judgment is not res adjudicata of questions in appeal from second trial presenting different questions; affirmance of judgment overruling demurrer to bill on appeal is not law of case on trial after being remanded, in view of difference in cases.*
Where a decree overruling a demurrer to a bill in equity is affirmed on appeal, and the cause remanded and tried on bill, answer, and proofs, and a decree rendered for defendant from which an appeal is prosecuted by complainants, the case on second appeal being materially different from that on the first appeal, the former judgment is neither res adjudicata of the questions involved in the latter appeal, nor is it the law of the case.

*Headnotes 1. Appeal and Error, 4 C. J., section 2739; 2. Judgments, 34 C. J., section 1322; 3. Judgments, 34 C. J., section 501; 4. Appeal and Error, 4 C. J., section 3077.

APPEAL from chancery court of Marshall county.
HON. J. G. McGOWEN, Chancellor.

Suit by Mrs. Belle Strickland Bates against Miss Perle Strickland, and others. From a decree for defendants, plaintiff appeals. Affirmed.

*C. L. Bates* and *Creekmore & Creekmore,* for appellants.

The chancery court erred in not holding that the judgment of this court of March 21, 1921, affirming the decree of the chancery court of May 10, 1920, overruling the demurrers of defendants (appellees) to complainant's (appellant's) original bill, was and is *res adjudicata* and final and conclusive between the parties to this cause, and a final decision of all issues of law and fact involved

in the cause, and that the title of complainant (appellant) to the land sued for and to all the relief sought by her were thereby fully and finally declared, established and settled.

The defendants (appellees) by their demurrers confessed and conclusively admitted all the facts alleged in complainant's bill of complaint, and the chancery court overruled said demurrers by decree entered May 10, 1920, from which defendants prosecuted an appeal, and on March 21, 1921, this court affirmed said decree and remanded the cause with leave to the defendants to answer the bill, and on June 6, 1921, they filed an elaborate answer to the bill; but upon the final hearing of the cause in the chancery court upon bill, answer, proofs and the mandate of this court, the proofs, which were all documentary being judicial records, wholly and utterly failed to establish a single material fact alleged by defendants in their answer, and likewise wholly failed to disprove to impeach a single averment of complainant's bill; and said decree of affirmance rendered by this court, is *res adjudicata* as to the whole cause and all questions of both fact and law involved therein, and is a bar to any dispute of the facts alleged in complainant's bill and to any further consideration of the law applicable to or bearing on the case, and complainant's bill and the facts therein alleged have been by said decree of affirmance judicially established, and both the chancery court and this court are bound thereby; and the decree appealed from in the present appeal should be reversed and judgment entered in this court in favor of appellant in accordance with the averments and prayer of her bill. *Smith* v. *Elder*, 14 Smed. & M. 100; *Bridgeforth* v. *Gray*, 10 George, 136; *McDonald* v. *Greene*, 9 S. & M. 138, 141; *Stewart* v. *Stebbins*, 1 George, 66; *Murdock* v. *Gaskill*, 8 Baxter (Tenn.) 22; *Jameson* v. *McCoy*, 10 Heiskell (Tenn). 109-122; *McNairy* v. *Mayor and City Council*, 2 Baxter (Tenn.) 251-265; *Bissell* v. *Spring Valley Township*, 124 U. S. 225, 233, 234.

The bill of complaint in this case, seeking to establish title to land, remove cloud from title and obtain possession, is based almost wholly upon judicial record, and recorded instruments, all of them more than forty years old.

Complainant set out her title in great detail, and in conformity to statute (sec. 551, Code 1906) deraigns her title to her grandfather, Doctor Thompson, the common source, and in like manner anticipates the pretended title of defendants and shows it to be invalid and void. The execution, proof and record of the testator's will are alleged, pleaded according to their legal effect and referred to on the record for greater certainty. Defendants all demurred to the bill.

Upon this second appeal the facts of this case now stand established of record without any material change or addition of new facts, precisely as they stood before this court on March 21, 1921, when it rendered judgment affirming the decree of the chancery court overruling defendants' demurrers, and the doctrine of *res adjudicata* is clearly applicable.

When the same point has been once adjudged between the same parties, in the same case, and upon the same statement of facts, the adjudication is binding, not only on the inferior court, but upon the appellate court also. *Smith* v. *Elder,* 14 S. & M. 100, 105.

Whatever is necessarily settled or determined by the supreme court, in deciding upon the propriety of the judgment of the court below, in settling the principles to govern the case in any further proceedings necessary to be taken in it, is *res adjudicata,* and final and conclusive, in that or any subsequent case. *Stewart* v. *Stebbins,* 1 George, 66.

A decree sustaining or overruling a demurrer affirmed by the supreme court on appeal, is final as to the points adjudicated in the particular case, and may be relied on as *res adjudicata. Murdock* v. *Gaskill,* 8 Baxter (Tenn.) 22-26. If judgments of affirmance on appeals from chancery decrees on demurrer can be disregarded on a sec-

ond appeal, then the practice serves only as a means of delay and confusion and the statute authorizing it is of no practical utility.

The chancery court erred in its opinion in not holding and declaring that the testator in his will did not devise to nor vest the title to said lands in his executors, but wholly withdrew the same from their administration and control, and set apart the most valuable part thereof as a permanent home for his children; and likewise erred in not holding that said chancery sale had no connection with the administration and settlement of the testator's estate, nor with the division of the property, or its proceeds amongst his children; and likewise erred in not holding that the present pretended claim of an equitable conversion has been set up by strangers for the purpose of defeating the will of the testator and depriving his descendants of said property.

The second codicil to the testator's will does not create any trust in said land, nor vest the title thereto in the executors, nor grant unto them the power to sell it, nor charge them with any duty respecting it; but on the contrary said codicil wholly and expressly withdraws said lands from the management, control and administration of the executors and inhibits them from interfering in any manner with the control and disposition of said property. *Thomson* v. *Strickland,* 52 Miss. 574; *Cohea* v. *Jameson,* 68 Miss. 510, 517; *Eenberg* v. *Carter,* 98 Mo. 647, 14 Am. St. Rep. 664.

The chancery court erred in its opinion in holding that the will of Doctor James M. Thomson effectuated and produced an equitable conversion of said land into personal property, to-wit, into money.

The second codicil to the testator's will is a devise in fee to his children of the lands involved in this suit, and upon his death the lands vested in fee in the devisees as tenants in common share and share alike; and the direction of the testator that when his youngest child should become of age the land should be "sold to the

highest bidder of the children then living'' was intended by the testator (1) to secure an equal division in value thereof among his children, and (2) to vest the whole title of said property in one of his children and to secure to that one the residence and the Compere tract and to continue in his family the ownership, use and occupation of the family residence and home and appurtenant property. *Thomson* v. *Strickland,* 52 Miss. 576, 580; *In Re Rudy's Estate,* 185 Pa. St. 359, 39 Atl. 968, 64 Am. St. Rep. 654.

It is absolutely clear from the will of the testator that his intention was that his entire estate, personal and real, should be divided in kind equally among his children. That intention is made manifest by the execution of two codicils, revoking and annulling his original will in all points where a sale of property has been directed.

But the question raised by this assignment of error was, as above shown, settled and forever foreclosed by this court in *Thomson* v. *Strickland,* 52 Miss., *supra,* where the court had before it and considered and applied the testator's will and especially the second codicil, and held that upon his death said land vested in fee in the devisees as tenants in common; and that decision is a rule of property, and is binding on appellants and the whole world besides. *Lombard* v. *Lombard,* 57 Miss. 171; *Becker* v. *Columbia Bank,* 112 Miss. 819, 73 So. 798; *Webb* v. *Mobile & Ohio R. R. Co.,* 105 Miss. 175, 62 So. 168; *Forest Product & M'fg. Co.* v. *Buckley,* 107 Miss. 897, 66 So. 269; *Jackson* v. *Chew,* 12 Wheaton (U. S.) 153; *Holstead* v. *Butler,* 140 U. S. 273, 276, 277.

The testator did not in the second codicil direct that said land should be sold and thereby converted into money, nor direct the distribution of the proceeds of any such sale, nor designate any beneficiaries of the proceeds of any such sale, nor did the testator in said codicil indicate any intention to convert said land into money or any other form of personal property and distribute the proceeds; and there was, therefore, no equitable con-

version of said property. *Bennette* v. *Gallahan,* 115 Tenn. 568, 92 S. W. 66, citing *Bedford* v. *Bedford,* 110 Tenn. 204, 75 S. W. 1017.; *Wayne* v. *Fonts,* 108 Tenn. 145, 65 S. W. 471; *Wheeless* v. *Wheeless,* 92 Tenn. 296, 21 S. W. 595; *Read* v. *Williams,* 125 N. Y. 560, 26 N. E. 730, 21 Am. St. 748; *Painter* v. *Painter,* 220 Pa. St. 82, 69 Atl. 323, 20 L. R. A. (N. S.) 117; *In Re Rudy's Estate,* 185 Pa. St. 359, 39 Atl. 968, 64 Am. St. Rep. 654.

From these authorities it is clear that in the instant case, there is in the second codicil not a single element of equitable conversion. The chancery court erred in its opinion in holding that the sale of said land by the chancery court under the ninth paragraph of its decree of August 10, 1877, and its decree of confirmation of August 13, 1880, was an execution of the will of Thomson, and a "carrying out of the terms of Dr. Thomson's will."

The chancery sale of said lands under the ninth paragraph of the decree of August 10, 1877, was not an execution of the direction in said second codicil that when the testator's youngest child should become of age the land should be "sold to the highest bidder of the children then living." At the time the sale was made, Mrs. Hudson, the youngest child, had been of age more than seventeen years, and was then dead, Mrs. Strickland, the eldest child, had been dead more than fourteen years and Morgan H. Thomson, the other child, had been divested of his interest more than five years; and in consequence thereof the direction of the testator that the land should be sold to the highest bidder of the children, they alone bidding, had become incapable of execution and had lapsed, and the intention of the testator, who had been dead twenty-nine years, had wholly failed and the chancery court had no power or jurisdiction to create and substitute a different and alternative intention unknown to and undisclosed by the testator. *Hamett* v. *Markham,* 128 Miss. 39-49; *Read* v. *Williams,* 125 N. Y. 560, 26 N. E. 730, 21 Am. St. Rep. 748; *Painter* v. *Painter,* 220 Pa. St. 82, 69 Atl. 323, 20 L. R. A. (N. S.) 117; *In*

*Re Rudy's Estate,* 185 Pa. St. 359, 39 Atl. 968, 64 Am.
St. Rep. 564; *Phillips* v. *Ferguson,* 85 Va. 509, 8 S. E. 241,
17 Am. St. Rep. 78, 1 L. R. A. 837; *Field* v. *Van Wyck's
Exrs.,* 94 Va. 557, 27 S. E. 446, 64 Am. St. Rep. 745;
*McHugh* v. *McCole,* 97 Wis. 166, 72 N. W. 631, 65 Am.
St. Rep. 106, 40 L. R. A. 724; 6 R. C. L., sec. 6, pp. 1071,
1072.

The chancery court erred in its opinion in not hold-
ing that, there having been no sale of said land amongst
the children of the testator to the highest bidder of
them when the youngest one of them became of age as
directed by the testator, the second codicil to his will never
became operative, but lapsed and became defunct and
extinct, and the chancery court had no power or juris-
diction to revive and execute said direction of sale; and
the court likewise erred in not holding that when said
chancery sale was ordered and long prior thereto, the
intention of the testator in making said codicil had ut-
terly failed, and had become incapable of accomplish-
ment and could not be legally executed, and the chancery
court had no power to make a new will for the testator,
nor to engraft upon his will a new alternative and un-
disclosed intention for the testator and invoke the law
of equitable conversion, and to enforce the new and al-
ternative intentions created by the court for the testator
by the decree of August 10, 1877.

By reason of the non-execution of the direction of the
testator that said lands should be sold when his young-
est child should become of age, said direction of sale
never became operative and lapsed; and the chancery
court had no jurisdiction of sale. *Hamett* v. *Markham,*
128 Miss. 39-49; *Thomson* v. *Strickland,* 52 Miss. 567, 577;
*Painter* v. *Painter,* 220 Penn. St., *supra.*

*L. A. Smith,* for appellees.

The first assignment of error argued by counsel for
appellant deals with the refusal of the chancery court to

hold that overruling appellee's demurrer constituted *res adjudicata* and a final settlement of the case. The answer to that is that the very opinion and mandate of the supreme court in overruling the demurrer granted appellees the right to answer and defend on the merits, which they did. A further answer is that the demurrer of course admitted the allegations of the original bill, while the answer denies a great many of the most material ones and set up defensive matter affirmatively which could not be carried by a demurrer. An examination of the original bill and answer thereto will sustain me in this point, and will also bring before the attention of the court the omission from the original bill of several germane matters which put a vital difference on the *status* of appellees in the answer and in the demurrer.

To briefly rehearse them: the original bill to which the demurrer was overruled did not set forth the following defensive documents; the last will and testament of Dr. Thomson, although it was referred to. However a demurrer will only reach a bill and its exhibits; the summons on appellant and her brother in Cause No. 210; nor the appointment of Gordentia Waite as guardian *ad litem* of appellant and her brother in said cause; nor his answer; nor any number of other matters of defense that might be named, especially the act of appellant and her brother by becoming surety on the purchase price bond for the deed sought to be cancelled, as an act of estoppel against them to maintain this action and attack that deed.

A further answer is that a demurrer and the decision thereon is not binding on the court anyway, even where the issues remain unchanged—which is not the case here, because the anwer does put a different complexion on the case of appellees—if the court in its wisdom on a second consideration decides that justice and right require a different conclusion. *Brewer* v. *Browning*, 115 Miss. 358.

Argued orally by *C. L. Bates* and *H. H. Creekmore*, for appellant, and *Lester G. Fant,* for appellees.

ANDERSON, J., delivered the opinion of the court.

Appellant filed her bill in the chancery court of Marshall county to remove clouds from and establish title in herself to an undivided interest in certain lands in said county described in the bill. Appellees demurred to the bill, and from a decree overruling their demurrer appealed to the supreme court, where the decree was affirmed, and the cause remanded with leave to appellees to answer the bill, which they did, denying its material allegations. There was a trial on bill, exhibits and answer, and exhibits and proofs, resulting in a final decree dismissing appellant's bill, from which she prosecutes this appeal. Appellant and appellee claim title to the land in controversy through a common source, Dr. James M. Thomson, who died testate in 1848.

Whether appellant's title to the land in controversy be good depends on the validity of partition proceedings had in the chancery court of Marshall county more than forty years before the beginning of this suit in the cause therein styled "No. 210, *Morgan H. Thompson et al.* v. *Wm. M. Strickland, Sr., et al.*" That was a partition proceeding involving the lands in controversy in which cause they were sold by the chancery court, and purchased by Wm. M. Strickland, Sr., through whom appellees claim title. The decree for the sale of the lands was entered in that cause of August 10, 1877. The sale was made and confirmed by the court, and in pursuance of the decree of the court a deed was executed and delivered by the commissioner to said Wm. M. Strickland, Sr. If that sale be void appellant is entitled to maintain her bill, and to the relief therein prayed for.

W. M. Strickland, Sr., the purchaser at that sale, was the father of appellant. James M. Thomson was her grandfather. Her contention is that under the will of her grandfather Thomson, her mother, who died in 1863, took a child's share in the lands involved in this cause *in fee*. Appellant and three other children were born to

W. M. Strickland, Sr., and his wife, Mildred Thomson. The latter died prior to her husband, who died in 1908. Appellant contends that on the death of her mother her father, Wm. M. Strickland, Sr., became endowed with curtesy in the lands of his wife devised to her by her father, which was therefore a life estate, while their children took the remainder *in fee,* and that their father having died in 1908, and, this cause having been instituted within ten years of his death, appellant is not barred from asserting her rights in said lands; that the ten-year statute of limitation did not begin to run against her until the expiration of the life estate of her father.

Appellees' position is that said partition proceedings through which the lands were sold were valid; that W. M. Strickland, Sr., was not entitled to curtesy in the lands; that the decree of the court under which the lands were sold in that cause necessarily adjudicated all the material questions involved in the present cause, including the question whether the lands were subject to partition or sale for a division of the proceeds thereof among the parties in interest, and therefore they argue that that question, in the present cause, is *res adjudicata;* that the court in the former cause had jurisdiction of the subject-matter, including the question as to equitable conversion and the parties in interest, and even though it may have erred in holding that the lands involved were subject to partition, the remedy was by appeal in that cause; that such errors cannot be corrected in this cause. The additional controlling facts out of which the questions involved arise are substantially as follows: James M. Thomson, the grandfather of appellant, who is the source of title of both appellant and appellees, died in 1848, leaving a last will and testament, by which he bequeathed and devised his estate to his four children, Mrs. W. M. Strickland, Sr., Mrs. Hudson, and Morgan Thomson and another child who died intestate whose interest therefore descended to her said brother and sisters. The pertinent provision of Thomson's will is in this language:

"My residence in the town of Holly Springs and the Compere tract of land I wish leased out until some one of my children may marry, and if agreeable then all of my children to live together upon said residence until the youngest shall become of age, then the property thus named shall be put up and sold to the highest bidder of the children then living."

Morgan Thomson and his sister, Mrs. Hudson, for whom W. M. Strickland, Sr., was guardian, filed the bill in said cause No. 210 in the chancery court of Marshall county, against said W. M. Strickland, Sr., also making his children, including appellant, parties defendant, by which they sought to cancel a deed to their interest in said lands theretofore executed by them to said Strickland, and to have the lands sold for a division of the proceeds thereof between the parties in interest, and also to recover rents and profits from the defendant W. M. Strickland, Sr. When that cause was begun appellant was a minor, but when the final decree therein confirming the sale of the lands was entered she was an adult. The court appointed a guardian *ad litem* in that cause to represent and defend the same for appellant. The will of James M. Thomson was before the court in that case. Every material fact developed in the present case touching the character of estate owned by W. M. Strickland, Sr. in these lands was before the court in that case.

Our statute (section 3521, Code of 1906; section 2833, Hemingway's Code), conferring the power on the chancery court to partition lands held by joint tenants, tenants in common, or coparceners having an estate in possession or a right of possession, etc., expressly excepts therefrom estates held in "reversion or remainder." That exception in the statute existed at the time said partition proceeding was begun, and that has been true of our partition statutes ever since.

Appellant's argument is that on the death of the wife of W. M. Strickland, Sr., in 1863, curtesy not then having been abolished by statute in this state, he became a ten-

ant by curtesy in his wife's lands, and therefore the owner of a life estate therein, and his children, one of whom is appellant, took the estate in remainder *in fee,* and therefore the court in the partition proceeding undertook to partition an estate in remainder, which could not be done under the law.

Appellees argue, on the other hand, that there was no life estate in W. M. Strickland, Sr.; that he was not a tenant by curtesy in his wife's lands, because, under the will of her father providing for the sale of said lands, an equitable conversion took place when the will took effect; that therefore the lands were to be treated as money, into which the will required them to be converted, and, there being no tenancy by the curtesy in the money of the wife, the money belonged to the wife's estate; that the result was that no remainder or reversionary interest in the lands was partitioned or sold for division.

Appellant contends that the former cause is not *res adjudicata* of the questions involved in this cause, because they were not presented by the pleadings, nor passed upon by the court in that cause. It is true they were not specifically presented by the pleadings.

In determining whether a question is *res adjudicata* the following principles of law should be kept in mind: That a judgment is presumed to be correct where there is any possible state of facts to justify it. *Starling* v. *Sorrell,* 134 Miss. 782, 100 So. 10; *Duncan* v. *McNeill,* 31 Miss. 704; *Henderson* v. *Winchester,* 31 Miss. 290; *Cannon* v. *Cooper,* 39 Miss. 784, 80 Am. Dec. 101.

And that where a court has jurisdiction of the subject-matter and the parties in interest, its judgment is not alone *res adjudicata* of the questions actually presented by the pleadings, but is also *res adjudicata* of all questions necessarily involved, and which could have been presented. *Dean* v. *Board of Supervisors,* 135 Miss. 268, 99 So. 563; *Vinson* v. *Colonial & U. S. Mortgage Co.,* 116 Miss. 59, 76 So. 827; *Harvison* v. *Turner,* 116 Miss. 550, 77 So. 528; *Hardy* v. *O'Pry,* 102 Miss. 197, 59 So. 73;

*Fisher* v. *Browning,* 107 Miss. 729, 66 So. 132, Ann. Cas. 1917C, 466.

Was the question whether the lands involved in this cause subject to partition or sale for division of the proceeds necessarily involved in the former cause? As it appears to us, that question lay right at the threshold of the consideration of that cause. It is true that it was not made an issue by the pleadings in the case, as appellant contends. Nevertheless the decree entered necessarily adjudicated that the lands involved were subject to partition. The court had to so decide in order to take the first step in the case. It was necessarily involved. It was a necessary decision.

But the effect of appellant's position is that even though that be true the chancery court was without jurisdiction to make the decision it did. Appellant says in effect that there was want of power to so decide, because such a decision was right in the face of the law forbidding the partition of a reversion or remainder interest in the land. Appellant overlooks, however, the fact that, if under the will of James M. Thomson there was an equitable conversion of these lands into money, W. M. Strickland, Sr., was not a tenant by curtesy of his wife's interest in said lands, and therefore there was not involved, in said partition proceeding, a remainder or reversionary interest in the land.

The court below in the present case put its decision squarely on the ground that under the provision of the will of James M. Thomson above quoted, there was an equitable conversion of his lands into money. The doctrine of equitable conversion is founded upon the principle that equity will regard a thing which ought to be done, or is directed to be done as actually done. Under this principle, where a testator in his will directs his land to be converted into money for division among the beneficiaries under his will, an equitable conversion from land to money takes place "and subsequent disposition will be governed by the rules applicable to that species

of property." *Hardee* v. *Cheatham,* 52 Miss. 41; *Cald-
well* v. *Willis,* 57 Miss. 555; 3 Pomeroy's Equity Juris-
prudence (4th Ed.) sections 1159 to 1176, inclusive.

We do not decide, because it is not necessary to decide,
that under the doctrine of equitable conversion W. M.
Strickland, Sr., took no interest in these lands belong-
ing to his wife as tenant by curtesy, and that therefore
when the lands were partitioned there was no remainder
or reversionary interest partitioned. We do hold, how-
ever, that that question was necessarily involved in the
partition cause and was necessarily decided. The court
in that cause, as the trial court in this cause did, could
have reasonably so held. And it may be conceded that
the court in so holding in that cause committed error,
and still the question is res adjudicata, because such er-
rors can only be corrected on appeal. In other words, if
the court in the partition cause decided, as it was bound
to have done in order to make a decree of sale, that the
lands involved were subject to partition, that there was
no remainder or reversionary interests therein sought to
be partitioned, and committed error in so deciding, the
only remedy for the correction of such error was by ap-
peal. It was an error of judgment not of jurisdiction.
The court had jurisdiction of the subject-matter, namely
the partition of lands, and had jurisdiction of the parties,
including the appellant in this cause. As we view it, in
the present cause appellant is seeking to relitigate the
fundamental question involved in the former cause, al-
though not there specifically presented by the pleadings,
but which the court necessarily decided in order to make
the decree of sale. We said in *Dean* v. *Board of Super-
visors, supra,* quoting the supreme court of the United
States in *Jeter* v. *Hewitt,* 22 How. (63 U. S.) 352, 16 L.
Ed. 345, that "*res judicata* renders white that which is
black, and straight that which is crooked."

Appellant contends that the affirmance of this case, on
the former appeal on bill and demurrer overruled by the
trial court, is *res adjudicata* of the questions involved in

her favor. That the case now before the court on the
facts is the identical case made by her bill, which was
before the court on demurrer on the former appeal, and
therefore there is nothing left for the court to decide.
That at least if the questions here involved are not *res
adjudicata,* the decision of the court on that appeal con-
stitutes the law of the case. It seems that a complete an-
swer to that position is that the case now before the court
is not the case made by appellant's bill on the former ap-
peal. The demurrer only reached the bill and exhibits.
The will of James M. Thomson, in which lies the founda-
tion of the claim of both appellant and appellees, was not
made an exhibit to the bill. Nor was it set out in appel-
lant's bill that she was a party to the partition cause, and
an adult when the final decree therein was entered, and
was represented in that cause while a minor by a
guardian *ad litem* who answered for her. We are of
opinion that there is no merit in this contention of ap-
pellant.

*Affirmed.*