Yazoo & M. V. R. Co. *v.* M. Levy & Sons.*

(Division A.   May 23, 1927.)

[112 So. 786.   No. 26117.]

1. APPEAL AND ERROR. *Judgment on former appeal adjudicating only that there was liability for loss of cotton held res judicata only on such question.*

Where supreme court on former appeal adjudicated as matter of law that there was liability for damages by virtue of destruction by fire of certain cotton, but did not adjudicate that only fact to be ascertained was value of certain kinds, class, grade, and staple, judgment was *res judicata* only on question of liability, and testimony relative to grade and staple of such cotton was improperly excluded.

2. APPEAL AND ERROR. *Plaintiff's offering testimony of grade of cotton on second trial after adjudication of liability reopens whole question.*

Where plaintiff, in action against railroad company for damages for destruction of cotton by fire on second trial after judgment of

supreme court adjudicated that there was liability, introduced testimony relative to grade of cotton, his action in doing so would have reopened whole question if it had been settled by supreme court on first appeal.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1216, n. 99, 2; p. 1242, n. 49.

APPEAL from circuit court of Leflore county.
HON. S. F. DAVIS, Judge.
Action by M. Levy & Sons against the Yazoo & Mississippi Valley Railroad Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded on question of damages alone.

*Gardner, Odom & Gardner, Chas. N. Burch, H. D. Minor,* and *Clinton H. McKay,* for appellant.

*A. A. Armistead,* for appellees.

McGOWEN, J., delivered the opinion of the court.

This is the second appeal of this case, the first appeal being reported in 141 Miss. 199, 106 So. page 525, where the facts of the controversy are set out at length, and which we do not deem necessary to restate here, except such additional facts as seem necessary to a proper decision of this case.

On the second trial, the court below held that the supreme court, by its decision, had adjudicated every fact and question of law involved except the single question that the plaintiff had proved the value of the cotton shipped and destroyed by fire at the time of said fire on October 18, 1920, instead of proving the value of the cotton at the destination, New Orleans, on the day the cotton should have arrived in New Orleans in the usual and ordinary course of transportation, and the court below excluded on the second trial, all testimony which the defendant offered tending to reduce the value of the

cotton by showing a lower and different grade and staple from that alleged to have been stated in the opinion of this court.

We have carefully read our opinion in the former case. In the statement of facts, it is stated that the proof showed a certain staple, and the court said that Levy's testimony that he knew the value of the cotton was sufficient to go to the jury; but the judgment of the court, the mandate of the court, and the opinion of the court, all show that the only thing finally adjudicated by the court was that the defendant railroad company was liable for whatever damages had accrued to plaintiff by virtue of the destruction, by fire, of the lot of cotton here in controversy.

As a matter of law, it was adjudicated that there was liability, but it was not adjudicated that the only fact to be ascertained was the value of a certain kind, class, grade, and staple, on the date it should have been delivered in New Orleans. The opinion of the supreme court was not *res adjudicata* as to the grade and staple of the cotton, but the court simply held that there was sufficient proof as to the grade and staple to permit the jury to pass upon the case. In other words, the remarks of the court on this subject were addressed to the railroad company's contention that because of the lack of proof as to the grade the defendant was entitled to a peremptory instruction. The construction placed upon the opinion of this court in the former case by counsel and the court below is too narrow, and we say this in the light of a critical examination of the cases of *Hardy* v. *O'Pry,* 102 Miss. 197, 59 So. 73; *Stewart* v. *Stebbins,* 30 Miss. 66; *Harvison* v. *Turner,* 116 Miss. 550, 77 So. 528; *Dean* v. *Bd. Supervisors,* 135 Miss. 268, 99 So. 563; *Bates* v. *Strickland,* 139 Miss. 636, 103 So. 432; and *Home Ins. Co.* v. *Tate Mercantile Co.,* 117 Miss. 760, 78 So. 709, none of which are in conflict with the view here expressed. It is unnecessary to quote, at length, the opinion in the former case. It speaks for itself. But the concluding

part of the opinion shows clearly what the court intended
to decide, and did decide. In concluding, Judge Ander-
son said:

"Neither do we think there is any merit in appellees'
cross-appeal. There was sufficient evidence to go to the
jury on the issue of whether the cotton was gin-fired or
the fire originated after it had been delivered to appel-
lant. It follows from these views that the case is affirmed
on both direct and cross-appeal as to the question of lia-
bility, and reversed on direct appeal for another trial on
the question as to the amount of damages suffered by ap-
pellees on account of the October shipment. Affirmed
on direct and cross-appeal as to liability, and reversed on
direct appeal as to the question of damages alone."

On the second trial the question of liability was *res
adjudicata,* but as to the amount of damages it clearly
was not *res adjudicata.* The judgment of this court
was not *res adjudicata.* The defendant in the first trial
did not offer any proof on the grade and staple. There
was no exact statement as to the grade on the first trial
in plaintiff's evidence. Notwithstanding the court had
held that the judgment of this court was *res adjudicata*
as to the law of the case, counsel offered the deposition
of Bodet to show the grade of the cotton, and also to show
a lower staple than the staple mentioned in the opinion
in the former case. In itself, this action of plaintiff, in
introducing Bodet's testimony, would have reopened the
whole question if it had been settled by this court in the
first case.

Counsel for appellant, the railroad company, offered
the testimony of members of the committee on valuation,
and the committee on classification, as to the grade and
staple of this cotton. As appellant says, all of the tes-
timony that defendant offered on the grade and staple
was excluded, because counsel for appellee contended, in
the court below, in his objection to the testimony, that this
referred to twenty-three bales of cotton instead of twenty-
four bales of cotton, and that this court had settled the

matter of grade and staple of the cotton in controversy. The court sustained this objection. Counsel for appellee here now insists that the testimony of these committeemen is unreliable and uncertain, and, if competent, not entitled to much consideration. With that, we have nothing to do, as the case is here presented. On the objection made in the trial of the case, the court was in error in excluding all of the defendant's testimony as to grade and staple of the cotton. It was proper for him to show, by competent evidence, the grade and staple of the cotton, and any other fact which went to the amount of damages to be assessed against defendant. Of course, the court having assumed that the grade and staple were settled by this court, the instruction fixing the grade and staple, and, likewise, ignoring Bodet's testimony, was erroneous.

It is not before us now, and we do not decide, whether or not the testimony of members of the committee on valuation, and on classification, is, in its entirety, competent, because of the specific objection made, and the specific ruling of the court was that the testimony was not competent for the reason that this court had adjudicated the grade and staple of the cotton.

Without altering the former opinion in this case, or modifying same, and in the light of that opinion, this case will necessarily be reversed and remanded for another trial of the case in accordance with this opinion and the former opinion rendered in this case.

*Reversed and remanded on question of damages alone.*