HESTER *v.* BISHOP *et al.*

(Division B.   Nov. 9, 1942.)

[10 So. (2d) 350.   No. 35105.]

J. H. Garth and Henley, Jones & Woodliff, all of Hazlehurst, for appellant.

M. S. McNeil, of Hazlehurst, for appellees.

**Griffith, J.,** delivered the opinion of the court.

On October 7, 1940, a bill was filed in the chancery court by appellees seeking an injunction against a stock and auction pen operated by appellant and her agents near the center of the City of Hazlehurst. The allegations of the bill were to the effect that the pen was a public and a private nuisance. Due notice was given, and on Octobr 10, 1940, a hearing was begun upon an application for a temporary injunction. After the complainants' testimony had been introduced, including the testimony of two of the defendants, who had been called by complainants as adverse witnesses, but before the defendants had had any opportunity to call on their part any of their witnesses, the further hearing was passed for sixty days in order that action might be taken on a petition then before the municipal council, wherein an order for the abatement of the alleged nuisance was being sought at the hands of the municipal board.

Answer was filed by the defendants on December 10, 1940, but nothing further was done in the chancery court until March 25, 1941, when a supplemental answer was filed making as an exhibit thereto the order of the Mayor and Board of Aldermen of the city, which dismissed the petition to abate. Two days later and during the March, 1941, term of the court, the following order was entered: "This cause, by consent of all parties, is set for hearing in vacation, at a time and place to be set by the court."

No time for a vacation hearing was then or thereafter set by the court, and in fact no further hearing was had in vacation, and the next thing that happened was, in form, a final decree rendered by the court in vacation on September 8, 1941, by which the court sustained the bill, not as for a preliminary injunction, but upon the merits. On September 20, 1941, two days before the convening of the regular September, 1941, term of the court the defendants filed a motion which in effect called

attention to the fact that the defendants had had no opportunity to present their witnesses on the merits and to make their defense in full, averring that they had a complete defense to the bill, and requested that the decree of September 8, 1941, be vacated, so as to give the defendants their full day in court.

This motion was heard on September 30, 1941, during a day of the regular term. Upon the opening of the hearing on the motion, the record recites that: "At this point the Court repaired to the scene and location of the cattle pen involved in this cause, and afterwards returned to the courthouse when and where the following proceedings were had to-wit—." The only proceeding thence had was the testimony of one witness who apparently was called by the court, and when this witness had concluded, the defendants, by their counsel, again stated: "The defendants now ask the opportunity of introducing witnesses on the trial of the case on its merits," to which complainants objected, and thereupon the chancellor called the court reporter and dictated what he had seen and heard on his view of the premises, including what had been told him by the school children, and he concluded his dictation with the announcement that the motion would be overruled and the injunction granted, and thereafter, on October 2, 1941, a final decree was entered on the merits, but with some modification as compared with the decree of September 8, 1941.

When at the March, 1941, term the case was passed for a hearing in vacation, this meant a trial in vacation, when and where both sides shall be heard, the two expressions being substantially synonymous, the former being the word used in chancery as meaning a trial therein. But no trial was had thereafter in vacation, and in consequence the ostensible decree of September 8, 1941, was inadvertent and invalid, because the defendants had not been heard on the merits. This being true, it is equally manifest that the motion made, at the term

following a few days thereafter, to vacate this inadvertent and invalid decree ought to have been sustained, and the defendants given opportunity to introduce the evidence for their side and all the evidence which they had, relevant to the issues, and this upon principles which are not only elementary but are fundamental.

And this right to be heard cannot be cut off by an inspection or view of the premises by the trier of the facts, however convincing such an inspection may have been to him. The parties, defendants as well as complainants, have the right to make a record of what their own witnesses introduced by them and at their selection and call will have to say even if the trier, on account of his view of the premises, would not be moved by such witnesses—for appeals are given by law in cases such as this.

We do not go further into the matter of the view or inspection as made in this case than to say that the trier of the facts may not receive any ex-parte oral communications outside of court, whether on an inspection or elsewhere, and use these as factors in arriving at a decision. Communications as to facts on the merits of any litigated case may be presented only by sworn witnesses, or by the agreement of counsel.

Reversed and remanded.