MOSES, et ux. *v.* WEAVER.

Division A. Dec. 11, 1950.

No. 37715 (49 So. (2d) 235)

Neal Prisock, and **Boydstun & Boydstun,** for appellants.

Robert E. Nason, for appellee.

**Ethridge, C.**

This is the fourth lawsuit between the parties to this action or their predecessors in title (but the first reaching this Court) concerning the ownership and location of a small strip of land, approximately 115 feet in length by 16 feet in depth, in the Town of Ackerman, Choctaw County, Mississippi. About the only thing remaining to be decided is to ascertain the effects of what was decided in the three earlier cases. We think the chancellor was correct in applying the efficacious doctrine of res judicata in his decree and in holding for the appellee.

In 1912, S. B. Dobbs was the owner of a tract of land in the northern part of Ackerman. He had it surveyed, divided into lots and blocks, and a map of it was made designating it as the Northern Addition to the Town of Ackerman. The subdivision and plat were approved by

the Mayor and Board of Aldermen of Ackerman and recorded, as required by statute, and the town also accepted the dedication by S. B. Dobbs of Dobbs Street, which was fifty feet in width and ran in an easterly and westerly direction close to the center of the subdivision. The deed of dedication conveyed to Ackerman an easement in the street but reserved the balance of the fee title in S. B. Dobbs. The easement conveyed was perpetual, with a provision that it should terminate and revest in S. B. Dobbs or his successors when it ceased to be used for street purposes.

Subsequently, appellants, Mr. and Mrs. C. R. Moses, acquired title to Lots 8 and 9 and 20 feet off the west side of Lot 7 of Block 2 in the subdivision. These lots are immediately to the south of Dobbs Street and part of Lot 9, on the west, fronts on the east side of State Highway No. 15. In 1940, E. B. Dobbs, the successor in title to S. B. Dobbs' interest in Dobbs Street, filed a suit in the Chancery Court of Choctaw County in which the complainant charged that he was the owner of Dobbs Street, that it had never been used as a street, that therefore the full title to it had revested in him, and that S. B. Dobbs and his successors had exercised adverse possession thereto for more than thirty-two years. The Town of Ackerman, Mr. and Mrs. C. R. Moses, appellants herein, and other parties were made defendants to that action. The bill charged that the Moses had objected to the passing of a resolution by the Mayor and Board abandoning the easement in the street. It requested the court to confirm complainant's title to the street and to remove any and all clouds upon his title which the town, the Moses, and other parties were asserting. The bill described Dobbs Street by metes and bounds, based upon the 1912 plat, and also described it as being fifty feet in width. The Town of Ackerman filed an answer making no claim to the street. The appellants herein filed an answer in which they admitted that Dobbs Street was fifty feet in width, and averred that the dedication of

the street had been accepted, it was still in use by the general public, that they owned lands adjacent to it, and had a right of easement therein. By cross-complaint, the Moses prayed for a decree confirming their easement rights in the street and enjoining E. B. Dobbs from interfering with it.

After a hearing on the merits, the court rendered a decree on September 30, 1942, in which, as to that part of the street here in issue east of Highway 15, it adjudicated that the street had never been used as a street, and that the complainant had a right to withdraw the street from the dedication. The court then described the street by metes and bounds and adjudicated that the fee simple title to that part of the street here in issue was "vested in E. B. Dobbs, the complainant, free from all easements of every kind, character and nature, and all easements and other rights imposed by the dedication of S. B. Dobbs on November 26, 1912, are hereby removed, and all clouds, rights, or easements and other claims held by any persons, firms or corporations are hereby removed from the title of the said E. B. Dobbs to the above described land."

The complainant in the present action, appellee J. F. Weaver, is the successor in title to E. B. Dobbs in the property affected by that 1942 decree. Both of the appellants herein, Mr. and Mrs. C. R. Moses, were defendants in that action against whom the aforesaid 1942 decree was rendered. This 1942 decree was based upon a suit in which the title to Dobbs Street was involved, the final decree removed "all clouds, rights or easements or other claims" held by the present appellants and other persons in and to the street, and the street was described by metes and bounds and also as being fifty feet in width. It is further noted that in this action upon which the 1942 decree was based, the Moses did not plead that they obtained any title to any part of the street by adverse possession and that the court in its decree did not specifically pass on that issue. However, it removed all clouds and

rights asserted by the present appellants in and to Dobbs Street.

In 1947, J. F. Weaver, the successor in title to the interest of E. B. Dobbs in Dobbs Street, and appellee herein, filed a bill of complaint in the Chancery Court of Choctaw County against Mr. and Mrs. C. R. Moses, appellants herein, in which the complainant set up the 1942 decree concerning his title to Dobbs Street, and alleged that when the complainant undertook to establish the exact south line of the street it developed that the defendants, the Moses, had a fence over on the south side of the street for several feet, and that they refused to move their fence from complainant's property, in violation of the 1942 decree. Complainant prayed for an injunction restraining the Moses from interfering with his title to Dobbs Street. The court overruled a demurrer to the bill of complaint, and in 1947 perpetually enjoined the Moses from interfering with Weaver in his use of Dobbs Street, including that part encroached upon by the fence. The defendants then in their answer denied that the 1942 decree in any way affected the strip of land claimed by them on the south side of Dobbs Street, and denied that they were asserting any title to the street. They then averred that they had held the strip of land in issue in open, notorious and hostile possession for twenty years and claimed title by adverse possession. Weaver moved to strike the answer on the grounds that the 1942 decree was res judicata, and the court sustained that motion on March 16, 1948.

On July 1, 1948, Weaver, appellee herein, filed a bill in chancery against the Moses, appellants herein, in which he set up the 1942 and 1947 decrees, charged that the Moses had failed to comply with those decrees and had violated them, and prayed for a mandatory injunction against the Moses removing them from the 16 foot strip on the south side of Dobbs Street and putting him in possession. The defendants filed a general demurrer, and the court on July 24, 1948, sustained the demurrer

and dismissed the bill ''without prejudice''. Apparently the chancellor was of the opinion that the 1942 and 1947 decrees could be enforced more effectively by a petition to the court in the latter suit for a citation for contempt, or by a new action seeking to establish the location of the south line of Dobbs Street adjacent to the Moses property.

No appeals to this Court were taken from the decrees in the first three cases. On December 11, 1948, appellee Weaver filed the present suit against appellants in the Chancery Court of Choctaw County. The bill set up the 1942 and 1947 decrees, asked the court to determine the exact location of the south line of Dobbs Street adjacent to appellants' property, requested damages and the removal of appellants from the strip of land in question, and delivery of possession to appellee. ' In their answer, appellees denied that they had violated the earlier decrees and that the previous decrees had ever adjudicated the title to the strip of land in question. They charged that they had been in adverse possession of the strip since 1917. Appellants admitted that appellee owned Dobbs Street, but said that the strip was not on Dobbs Street; that the 1947 decree was res judicata as to appellee because he had there failed to show the true south line of Dobbs Street; and that the sustaining of their general demurrer to the bill in 1948 was res judicata as to appellee. The court heard several witnesses for both sides on the issues of adverse possession of the strip by appellants and of the precise location of the disputed strip, on which it found appellants had had a fence since 1917. A registered civil engineer testified, and there was introduced into the record his survey of the premises locating the specific south line of Dobbs Street in its relation to the fence of appellants.

In its final decree the court found that the fence jutted over the true south line of Dobbs Street for a distance of 16.2 feet at one end and 14.7 feet at the other; that any adverse claim by appellants to the strip in question would

have to begin on the date of the 1942 decree, which decree was res judicata as to appellants, and that it cancelled any claims they had to the entire fifty foot street as of that date. The court properly denied any damages, in part because there was not adequate proof of such, and adjudicated by a metes and bounds description the true south line of Dobbs Street adjacent to appellants' property. The decree directed the sheriff to remove appellants from possession and to place appellee in possession.

Appellants make several assignments of error in this last case of a rather remarkable series of litigations. Compare the four suits in the Viator cases, terminating with Viator v. Stone, 1948, 203 Miss. 109, 33 So. (2d) 310, suggestion of error sustained, 1948, 203 Miss. 109, 37 So (2d) 1, appeal dismissed, 336 U. S. 948, 69 S. Ct. 882, 93 L. Ed. 1104. ██ They urge that the trial court ignored the prerequisites of proof in admitting the testimony and survey of the civil engineer, in violation of the requirements of Miss. Code of 1942, Sections 4268-4286. However, the qualifications of the witness were established, he began his survey at a section corner, and the quality of the instruments used was established. The statutes do not otherwise affect this evidence. His testimony and the survey were clearly admissible.

Appellants say that in the 1947 action appellee complained of the location of the line on the south side of Dobbs Street but that he offered no evidence to the court to fix this location, and hence appellee cannot again raise the question of the location of the line. ██ However, both the 1942 and 1947 decrees specifically adjudicated by a metes and bounds description the location of the south line of Dobbs Street. It is true that they did not locate the fence with reference to the street, but the adjudications as to the south line included the part encroached upon by the fence, and are binding upon appellants. The locations of all of the lines of Dobbs Street were in issue in both the 1942 and 1947 suits, and the south line of that street was settled in both of them.

The 1942 decree, as well as that of 1947, was res judicata as to the location of the south line of Dobbs Street, and as to any claims which appellants might have had in it. Both public policy and the interests of litigants require that there must be an end to litigation. Without this doctrine, it would be endless. This principle contains the idea that the party to be affected by it, or some other with whom he is in privity has litigated, or has had an opportunity to litigate, the same matter in a former action. Res judicata terminates controversies, produces certainty as to individual rights, and gives dignity and respect to judicial proceedings. 30 Am. Jur., Judgments, Sec. 165. In both of the stated suits there was an identity or similarity of subject matter, of parties, and of issues. The appellants are precluded by the 1942 and 1947 decrees.

Moreover, this Court at an early date held that the doctrine of res judicata is broader in its application than a determination of the questions involved expressly in the prior action. The conclusiveness of the judgment in prior cases extends not only to matters actually determined, but also to other matters which could and should properly have been determined in the prior action. 30 Am. Jur., Judgments, Sec. 179; 50 C. J. S., Judgments, Section 712, p. 173. In the 1942 action, appellants could have pleaded, but did not, a claim by adverse possession to the strip of land. But adverse possession must be pleaded and proved, and failure to do so waives that affirmative defense. White v. Turner, 1944, 197 Miss. 265, 19 So. (2d) 825; Griffith, Mississippi Chancery Practice, Sec. 360, (2d Ed. 1950). The title to Dobbs Street was in issue in the 1942 suit and appellants did not raise this affirmative defense. This was a matter which could properly have been determined in that action. Appellants' failure to raise it there precludes them now. Bates v. Strickland, 1925, 139 Miss. 636, 103 So. 432. See also other cases cited in 9 Miss. Digest, Judgments.

Appellants also urge that the 1948 order sustaining their general demurrer and dismissing without prejudice appellee's bill for a mandatory injunction is res judicata upon the appellee. However the court had the power within its discretion to control the basis upon which the bill was dismissed, and did so without prejudice to appellee. Griffith, Mississippi Chancery Practice, Secs. 311, 622, 212, 595, 632; 50 C. J. S., Judgments, Section 635; Williams v. Mid-South Paving Co., 1946, 200 Miss. 103, 25 So. (2d) 792; W. T. Raleigh Co. v. Barnes, 1926, 143 Miss. 597, 109 So. 8.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.