BELL v. PERCY.

May 26, 1952.

No. 38329 (59 So. (2d) 76)

**Henley, Jones & Woodliff,** for appellant.

Brandon, Brandon, Hornsby & Handy, for appellee.

**Holmes, J.**

Appellee and the appellant are the owners of adjoining property in Wilkinson County. A dispute arose between them as to the boundary lines between the two properties. This suit was brought by the appellee against the appellant to settle the controversy, and specifically to have the boundary lines surveyed, marked, located, established, and adjudicated according to the calls of the respective deeds of the parties. The quantity of land involved is approximately 1.8 acres. The factual issue between the parties was whether or not the true boundary lines between the properties were marked and established by a long existing fence or fence line, it being claimed by the appellant that they were so marked and established, and the contrary being claimed by the appellee.

The cause proceeded to a hearing and at the conclusion of the appellee's evidence, the chancellor, over the objection of the appellant, suspended the proceedings and entered an interlocutory decree appointing a surveyor to survey and establish the boundary lines according to the calls of the respective deeds of the parties. The surveyor so appointed made his report, to which the appellant filed exceptions and the exceptions were overruled. The hearing of the evidence was then proceeded with and both the appellant and appellee were afforded opportunity to and did introduce such testimony as they desired to offer. At the conclusion of all of the evidence the chancellor sustained the prayer of the original bill, dismissed the cross-bill of the appellant, and by final decree established the boundary lines between the respective properties as located by the surveyor appointed by the court.

Appellant prosecutes this appeal, contending (1) that the boundary lines as marked by the fence or fence line were established and recognized by adjoining owners as the true boundary lines for a period of at least fifty years, and (2) that the chancellor erred in suspending the pro-

ceedings at the close of the appellee's evidence, and in entering the interlocutory decree appointing a surveyor, and in declining to permit appellant to proceed with his testimony at that time, and (3) that the court erred in adopting the survey of the surveyor appointed by the court because the same was not made in conformity with Secs. 4271, 4272, 4284, 4285, and 4286, of the Mississippi Code of 1942.

The evidence on the issue as to whether the fence or fence line marked and was recognized as the true boundary lines between the properties was conflicting and the chancellor resolved this issue of fact adversely to the appellant and we can not say that he was manifestly wrong, and hence we are not warranted in disturbing his finding on this issue. Griffith's Mississippi Chancery Practice, Second Edition, Sec. 674.

 We find no prejudicial error in the action of the chancellor in entering the interlocutory decree appointing a surveyor at the close of the appellee's evidence, and in declining at that time to permit the appellant to proceed with the introduction of his testimony. The trial was proceeded with after the filing of the surveyor's report and appellant was then afforded every opportunity to present his evidence and in fact introduced in his behalf about eleven witnesses. This was an entirely different situation from that presented in the case of Hester v. Bishop, 193 Miss. 449, 10 So. (2d) 350, relied upon by the appellant, and we find no application of the case of Hester v. Bishop, supra, to the case at bar.

 We think there was no error in the action of the chancellor in admitting the testimony and survey of the surveyor Phipps appointed by the court. His qualifications as a surveyor, as well as the quality of his instruments, were established and his testimony was admissible to be given such weight by the chancellor as his judgment directed, notwithstanding the provisions of Sections 4271, 4272, 4284, 4285, and 4286 of the Mississippi Code of

1942. Moses et ux. v. Weaver, 210 Miss. 228, 49 So. (d) 235.

It follows from these views that the decree of the court below must be and it is affirmed.

Affirmed.

**Roberds, P. J.,** and **Alexander, Kyle,** and **Ethridge, JJ.,** concur.