MABRY, et al. *v.* WINDING

No. 40234 November 5, 1956 90 So. 2d 175

*Gordon & Gordon, T. F. Badon,* Liberty, for appellants.

*Roach & Jones,* McComb; *Lowrey & Stratton,* Liberty, for appellee.

Holmes, J.

This is a boundary dispute. The appellee is vested with the record title to the E½ of the NE¼ of Section 7, Township 2 North, Range 5 East, in Amite County, Mississippi, containing 80 acres, more or less. The heirs of T. F. Randall, deceased, are vested with the record title to the SE¼ and the SW¼ of the NE¼ of Section 7, Township 2 North, Range 5 East in said County of Amite. The said land of the appellee is joined on the south by the said land of the Randall heirs. The controversy is with respect to the location of the south boundary of the said land of the appellee. The appellee contends that the true south boundary of his said land is that run by A. K. Farrar, surveyor, which coincided with previous surveys made by a surveyor named McNeill, and a surveyor named Terrell, and which, according to the testimony of the appellee, also coincided with what has been the recognized south boundary of his said land since he acquired the same in 1927. The appellants contend that the south boundary of appellee's land is that marked by an old fence line north of the line contended for by the appellee. The disputed area is timbered land and comprises some three or four acres.

On July 26, 1954, the Randall heirs conveyed to Sam Mabry, Sr., Mrs. Sam Mabry, Sr., Sam Mabry, Jr., and Mrs. Sam Mabry, Jr., composing the partnership firm of Mabry Lumber Company, all of the pine timber of certain stipulated dimensions on the aforesaid land to which the Randall heirs hold the record title, describing the same according to governmental subdivisions. Claiming the right to do so under the aforesaid conveyance, the Mabry Lumber Company proceeded to cut the timber on the disputed area over the protest of the appellee. Upon failure of the Mabry Lumber Company to observe his protest, the appellee filed his original bill in the Chancery Court of Amite County on September 3, 1954, against the said Mabry Lumber Company and the individual members of the firm, wherein he prayed and was granted an injunction restraining the Mabry Lumber Company and the individual members of the firm from cutting the timber on the disputed area. The defendants demurred to the bill on the grounds that the Randall heirs had not been made parties to the suit, and also filed a motion to dissolve the injunction. Before a hearing was had on the motion and on the demurrer, the Mabrys, on petition of the appellee, were cited for contempt of court for violating the injunction, and upon a hearing by the chancellor were found guilty of contempt, but sentence was deferred until a hearing could be had on the merits to determine whether or not the timber cut was in fact on the land of the appellee.

Thereafter, the chancellor sustained the demurrer and the appellee amended his original bill by bringing in the Randall heirs, and later further amended his original bill by demanding the actual value and the statutory penalty for the trees cut on the disputed area. The defendants answered denying the allegations of the original bill as amended and seeking by way of cross-bill to have the court adjudge them to be the owners of the land and timber in the disputed area, and asserting title by

adverse possession to the disputed area in the event the court should hold that the old fence line was not the true boundary.

After a full hearing on the merits, the chancellor entered his final decree confirming the appellee's title to the said E½ of the NE¼ of Section 7, Township 2 North, Range 5 East, adopting as the south boundary thereof the line marked by the survey of A. K. Farrar, making the injunction perpetual, awarding to the appellee the sum of $88.00 for the actual value of the trees cut on the disputed area, denying the statutory penalty, and vacating the former decree of the court which adjudged the Mabrys to be in contempt of court. From the final decree entered, the appellants have prosecuted this appeal and the appellee has prosecuted a cross-appeal complaining that the chancellor erred in denying his claim for the statutory penalty.

■■ ■ The appellant's contend that the old fence line marked the true south boundary of the appellee's land, but if not, then the appellants have acquired title to the land in dispute by adverse possession. Much evidence was introduced by both sides directed to these contentions, and it can serve no good purpose to relate the same in detail. It is sufficient to say that the evidence was conflicting and presented factual issues for the determination of the chancellor. The chancellor on ample evidence resolved these issues in favor of the appellee, and we are unable to say that he was manifestly wrong. We are, therefore, not warranted in disturbing his decision on these issues.

■■ ■ The appellants also complain that the trial court erred in admitting the testimony and survey of the surveyor A. K. Farrar for the reason that there was no compliance by the surveyor with the provisions of Section 4273 of the Mississippi Code of 1942, and for the further reason that it does not appear that the surveyor started his survey at a government corner. The qualifi-

cations of the surveyor A. K. Farrar and the quality of his instruments were well established, and, therefore, his testimony and his survey were admissible to be given such weight by the chancellor as his judgment directed notwithstanding the aforesaid code section. Moses v. Weaver, 210 Miss. 228, 49 So. 2d 235; Bell v. Percy, 214 Miss. 456, 59 So. 2d 76.

 In urging that the testimony and survey of the surveyor were inadmissible because it does not appear that he started his survey at a government corner, the appellants rely upon the case of J. R. Buckwalter Lumber Co. v. Wright, 159 Miss. 470, 132 So. 443. We are of the opinion that this case does not apply under the facts of the case before us. The proof for the appellee showed that the appellee knew where the line of the south boundary of his land was and that it had been long recognized as the correct line and that it had been established by prior surveys of the surveyor McNeill and the surveyor Terrell, and that Farrar in making his survey followed an old well blazed and well marked line, and that his location of the line coincided with the surveys made by McNeill and Terrell. We think, therefore, that the testimony and survey of the surveyor Farrar were admissible to be given such weight by the chancellor as his judgment directed. In the case of Kelly v. Welborn, et al., 217 Miss. 16, 63 So. 2d 413, the Court said this:

"It is next contended that the trial court erred in not excluding Welborn's evidence of a survey of the land which was made by the county surveyor. According to the testimony of the surveyor, he ran the line between the two 40 acre subdivisions and found it to coincide with an old line which had long before been run and marked out. He did not claim to have started his survey at a recognized corner established by the original government survey, but he did testify that he had previously surveyed in that area and started at an old recognized

corner and that his survey tied in with the old established lines. The accuracy of this survey was for the jury . . . ."

A further and complete answer, however, to this contention of the appellants is that there was no objection to the testimony and survey of Farrar in the court below, and objection thereto can not be considered on this appeal. Jackson v. State, 63 Miss. 235, 140 So. 683, and cases there cited.

The appellants further assign as error the action of the trial court in admitting over objection the testimony of the appellee as to an agreement between the appellee and T. F. Randall in his lifetime with reference to the location of the line. The appellants objected to this testimony upon the ground that it tended to establish a claim of the appellee against the estate of a deceased person. We think the objection of the appellants to this testimony should have been sustained. We are of the opinion, however, that the failure of the trial court to exclude the testimony does not constitute reversible error for the reason that it is manifest from the entire record that the decree of the chancellor would not have been different had the testimony been excluded.

The appellee contends on cross-appeal that the trial court erred in denying his claim for the statutory penalty. We do not think that this contention is well founded. The proof shows that when the Mabrys obtained their timber deed, the Randalls pointed out to them the old fence line as the correct line and that they cut only to this line until the injunction was served upon them, and that they thereupon notified their cutters and other employees not to cut any more in the disputed area until the dispute about the line was settled. By Chapter 312 of the Mississippi Laws of 1950 amending Sections 1074 and 1075 of the Mississippi Code of 1942, good faith was made a defense to the prima facie case of the owner for the statutory penalty for the wrongful cutting of

trees. We are of the opinion that the proof is insufficient to establish the wilful cutting of the trees by the Mabrys, and that, on the contrary, it shows that they acted in good faith. It is our conclusion that the chancellor was not in error in denying appellee's claim for the statutory penalty.

After a careful review of the entire record, we are of the opinion that it discloses no reversible error. Accordingly, the decree of the court below is affirmed both on direct appeal and cross-appeal.

Affirmed on direct appeal and cross-appeal.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge,* JJ., Concur.