GOLDEN *v.* GOLDEN

No. 42592          April 1, 1963          151 So. 2d 598

*John L. Kennedy,* Holly Springs; *Smallwood, Darden & Sumners,* New Albany, for appellant.

564

*L. Hamer McKenzie,* Ashland, for appellee.

Gillespie, J.

Mrs. Constance Golden, plaintiff-appellee, sued her former husband, Wilson Golden, defendant-appellant, in the Circuit Court of Marshall County to recover $17,-234.76 principal, plus interest and attorney's fee. The principal sum represented the amount appellee had paid First State Bank, Holly Springs, to discharge three notes payable to said bank and signed by appellant and appellee. Appellee alleged she was an accommodation endorser of said notes for her then husband, the appellant; that appellant failed to pay said notes; and that appellee paid them out of her personal estate. Copies of the notes were attached to the declaration. Appellant answered the suit and alleged that appellee was a co-maker. He also set up several defenses, including res judicate on the ground that the matter in issue had theretofore been adjudicated in the chancery court.

Judgment was entered on a verdict for appellee, and defendant appealed to this Court.

Appellant argues that the lower court should have sustained his plea of res judicata. We agree.

The proof on the plea of res judicata consisted of the original bill of complaint filed by appellee in the Chancery Court of Marshall County, Cause No. 9725, in which appellee sued appellant for a divorce, custody of the children, and support money for the children. Appellee also charged in her original bill the facts concerning her execution, with her husband, of the notes payable to First State Bank and charged that upon refusal of her husband to pay said notes she was required to pay the same out of her personal estate. Copies of the notes, identical to the ones sued on in the case at bar, were attached to her original bill in the chancery court. She also averred in her divorce bill that she was entitled to receive recovery of the sum paid out by her in discharging said notes, together with lawful interest. In that suit, appellee also sought to have the chancery court impress a trust on certain property then owned by appellant, which appellee charged was saved from foreclosure by her payment of said notes. In the prayer of her divorce bill, appellee prayed for a divorce, custody of the children, support for the children, and that defendant be required to repay appellee the amount spent by her in satisfying said notes, and that a trust be impressed upon appellant's property until said indebtedness be satisfied. In the final decree in the divorce case, the court stated that the facts did not justify the impression of a trust upon the property of the defendant therein, and gave no relief on the notes.

(Hn 1) A final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action. 30A Am. Jur., Judgments, Sec. 363.

(Hn 2) The essentials to constitute res judicata are (1) identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to

the action, and (4) identity of quality of the person for or against whom the claim is made. Bologna v. Morrissey, 240 Miss. 284, 123 So. 2d 537.

(Hn 3) The identical notes were attached to appellee's original bill in the chancery court suit, and that court had jurisdiction to render judgment on the notes. Essentially the same issues were presented to the chancery court by the pleadings therein as were presented in the subsequent suit in circuit court. In our opinion, all of the essential elements of res judicata are present. It is true that the chancellor in his decree referred only to the impression of a trust on property of appellant but the pleadings in the chancery court suit raised the issue of liability on the notes. Under these circumstances the failure of the chancellor to grant the relief appellee prayed for in respect to said notes constituted an adjudication of those issues.

(Hn 4) The chancery court suit was decided on the merits, and in our opinion it is a typical case for the application of the doctrine of res judicata. After appellee put the indebtedness involving these notes in issue in the chancery court and failed to recover thereon, her sole remedy was by appeal from the decree of the chancery court which denied her relief. Dean v. Board of Supervisors, 135 Miss. 268, 99 So. 563; Bates v. Strickland, 139 Miss. 636, 103 So. 432; Harvison v. Turner, 116 Miss. 550, 77 So. 528; Moses v. Weaver, 210 Miss. 228, 49 So. 2d 235.

(Hn 5) The doctrine of res judicata is based on public policy. There must be an end to litigation; judgments of courts of competent jurisdiction must be respected; and the law favors the repose of society. Without it litigation would be endless, nothing would be put at rest, and litigants would be subjected to intolerable harassment and vexation. 30A Am. Jur., Judgments, Sec. 326; Bates v. Strickland, 139 Miss. 636, 103 So. 432.

(**Hn 6**) Appellee contends that the chancery court suit did not involve the right of recovery on the notes but only a technical ruling of law as to whether or not appellee was entitled to have a trust impressed on appellant's land. That is the basis of appellee's argument on the question of res judicata, but the premise is invalid. In the chancery court suit appellee sought not only the impression of a lien or trust on appellant's property but recovery of the principal and interest. Moreover, a prior suit is conclusive in a subsequent suit not only of matters actually determined but also matters which could and should have been determined in the prior suit.

Other questions are raised but it is only necessary to consider the one assignment of error herein discussed.

Reversed and judgment here for appellant.

*Lee, P. J., and Ethridge, McElroy and Rodgers, JJ.,* concur.