336 So.2d 1304 (1976)
PEOPLE's REALTY AND DEVELOPMENT CORPORATION
v.
Earl SULLIVAN et ux.
No. 48780.
Supreme Court of Mississippi.
September 7, 1976.
Rehearing Denied October 5, 1976.
Guy M. Walker, Laurel, J.C. Martin, Jr., Waynesboro, for appellant.
W. Vol Jones, William Vol Jones, Jr., Waynesboro, for appellees.
Before GILLESPIE, ROBERTSON and LEE, JJ.
LEE, Justice:
People's Realty and Development Corporation filed its bill of complaint in the Chancery Court of Wayne County for a mandatory injunction requiring Earl R. Sullivan and Lela B. Sullivan, husband and wife, to remove a fence enclosing approximately seven (7) acres of its land and for other relief. The chancellor found that the Sullivans were vested with title to the property *1305 by adverse possession for a period of more than ten (10) years, and from that decree People's Realty and Development Corporation appeals. We reverse.
Appellant owns the Southeast quarter (SE-1/4) Section 6, Township 8 North, Range 6 West, Wayne County, Mississippi, and the disputed area lies west of a reed brake fence and east of a fence designated as the "Cooley fence" in the northwest corner of said tract. Appellees and two witnesses testified that they built a four-strand wire fence through the middle of the reed brake in 1961 by nailing the wire to trees, and Mr. Sullivan further testified that he cut some timber on the land in 1969, and that he grazed and claimed the land since 1961. Evidence for appellant disclosed that no fence was in the reed brake until 1969, and, upon discovering same in 1973, steps were taken to remove it, that appellees' cattle did not graze the disputed area, and that there was no ingress or egress through the Cooley fence. Martin (appellant's manager) testified that in 1959 and again in 1965, Sullivan sought to buy the disputed property from him and that he told Sullivan it was not for sale. This testimony was not denied by appellees. All witnesses agreed that the fence, if there, could not be seen or discovered unless a person actually entered and crossed the reed brake.
The question confronting the Court is whether or not the conduct of appellees was sufficient to put appellant upon notice that its land was being held under an adverse claim of ownership. A landowner must have notice, actual or imputable, of an adverse claim to his property in order for it to ripen into title against him, and the mere possession of land is not sufficient to satisfy the requirement of open and notorious possession. Sporadic and temporary activity on the property is not sufficient to give notice of an adverse claim, nor is an owner put upon such notice by occasional pasturing of cows, or by occasional cutting of timber.
In Berry v. Houston, 195 So.2d 515 (Miss. 1967), the Court said:
"The acquisition of title by adverse possession, as that phrase is used in real property law, contemplates a special kind of possession. It is the intendment of the law that title to real property belonging to another may never be acquired by mere possession, however long continued, which is surreptitious or secret, or which is not such as will give unmistakable notice of the nature of the occupant's claim. Such occupancy must not only be adverse, hostile, and exclusive as to others, but it must also be peaceful, uninterrupted, and continuous, under claim of ownership. In addition, the occupancy, under claim of ownership, must be actual, open, notorious, and visible." 195 So.2d at 518.
We conclude that the cutting of timber one time in 1969 for the purpose of repairing barns and building troughs, the occasional pasturing of cattle upon the disputed land, the running of four strands of wire through the reed brake by nailing them to trees, which could not be discovered except by going across the reed brake, together with the fact that there was no denial by appellees of the testimony that Sullivan attempted to buy the disputed property from appellant in 1959 and in 1965, are insufficient to constitute adverse, hostile and exclusive occupancy contemplated by the statute, and that the chancellor was manifestly wrong in holding appellees acquired title to the disputed property through adverse possession.
For the reasons stated, the judgment of the trial court is reversed, judgment is rendered here for the issuance of an injunction requiring appellees to remove the fence from appellant's property, and enjoining appellees from trespassing upon said property, and the cause is remanded to the trial court for the purpose of determining damages, if any, which may have accrued by reason of appellees' cutting timber thereon.
REVERSED AND RENDERED; REMANDED TO THE TRIAL COURT.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.