405 So.2d 128 (1981)
S.W. CRAFT
v.
W.L. THOMPSON.
No. 52927.
Supreme Court of Mississippi.
October 28, 1981.
Phillip M. Nelson, Ridgeland, for appellant.
Tullos, Tullos & Tullos, Eugene C. Tullos, Raleigh, for appellee.
Before SMITH, P.J., and WALKER and BOWLING, JJ.
*129 SMITH, Presiding Justice, for the Court:
S.W. Craft appeals from a decree of the Chancery Court of Smith County enjoining Craft from interfering with W.L. Thompson's land, and confirming title to Thompson's land as alleged in his bill of complaint, and establishing a boundary line in accordance with the survey of the land presented into evidence by complainant.
Suit was filed by Thompson in order to settle a dispute between himself and Craft as to the location of the boundary between their adjacent properties. Thompson testified that Craft had removed his fence several times, thereby necessitating the current action to confirm title and enjoin such interference with his property. In order to establish the correct boundary line between properties, in 1978, Thompson had a survey of his land made, and erected a fence upon this survey line. This survey, which platted the lines in dispute, was admitted into evidence, over the objection of Craft, even though one of the corners was not exactly located. It was admitted because the quality of the instruments that the surveyor used, as well as the surveyor's qualifications, were established, and also the surveyor testified that he initiated the survey at a government corner stone.
*130 In response, Craft claimed that the establishment of a boundary line by the 1978 survey interfered with his ownership of certain lands to which he claims ownership under three titles. The description of the real property involved was stipulated to by the parties as follows:
(a) Craft is owner of (Parcel I):
2 1/2 acres in the SW corner of the NE 1/4 of SW 1/4 further designated as commencing at the SW corner of NE 1/4 of SW 1/4 and running East 447 links, thence North 559 links thence West 447 links, thence South to a point of beginning all of the above in Section 2, Township 2 North, Range 8 East, Smith County, Mississippi;
(b) Craft is owner of (Parcel II):
All of the SE 1/4 of SW 1/4 of Section 2, Township 2 North, Range 8 East, Smith County, Mississippi, lying east of the centerline of the Old Forest and Taylorsville Road.
(c) Craft owns, jointly with others, (Parcel III):
The North 33 feet of the NW 1/4 of the NE 1/4, Section 11, Township 2 North, Range 8 East, Smith County, Mississippi.
The defendant also claimed the disputed property by adverse possession, and furthermore, raised numerous equitable defenses, which were without merit.
On appeal Craft does not contest the propriety of the chancellor's permanent enjoining of his interference with fences erected by Thompson. Rather, Craft claims that the chancellor erroneously confirmed title in Thompson as alleged in his bill of complaint and, erroneously established boundaries in accordance with the survey offered into testimony by Thompson.
It is the opinion of this Court that the decision of the chancellor was based upon substantial evidence and was correct, except as to determination of the property rights involving parcel III, since the persons with whom Craft jointly owns the property were not joined in the suit.
With respect to parcels I and II, the chancellor did not admit the survey into evidence erroneously even though the survey was not closed. As this Court has held in the past, testimony by a surveyor, and his plat of the property surveyed, is admissible so long as the qualifications of the surveyor are established, as well as the quality of the instruments used by him. Factual questions relating to the making of the survey are for the resolution of the chancellor. See Mabry v. Winding, 229 Miss. 88, 90 So.2d 175 (1956); Bell v. Percy, 214 Miss. 456, 59 So.2d 76 (1952); Moses v. Weaver, 210 Miss. 228, 49 So.2d 235 (1950). Therefore, based upon the substantive evidence, the chancellor's use of the survey in determining where the boundary between the properties owned by Craft and Thompson should be established, was not unwarranted. Furthermore, Craft at no time had the property surveyed which he claimed under title (parcels I, II and III). Craft merely testified in court that his property extended to an old fence which had existed prior to 1978, and therefore never conclusively established the location of parcels I, II and III.
The chancellor also correctly found that Craft had not met the burden of proof imposed on him and therefore failed to establish ownership of the disputed area by adverse possession; Eady v. Eady, 362 So.2d 830 (Miss. 1978); Kayser v. Dixon, 309 So.2d 526 (1975). Craft failed to show the boundaries of the area within which he claimed to have exercised control by adverse possession. To constitute adverse possession the acts of the claimant must be sufficient to put another on notice, actual or imputable, of an adverse claim to his property. Without such notice, possession will never ripen into title. Further, mere possession is not sufficient to satisfy the requirements of open and notorious possession. See People's Realty & Development Corp. v. Sullivan, 336 So.2d 1304 (Miss. 1976).
It is undisputed that Craft is merely joint owner of parcel III. Thompson has made no allegations that all necessary and proper parties are joined or that all necessary and proper parties that could *131 be found with diligent inquiry are joined. This failure requires reversal of the chancellor's decree confirming title insofar as it affects parcel III; Warren v. Clark, 230 Miss. 873, 94 So.2d 323 (1957). Also, the failure of the appellant to raise this point during trial, although raised in his demurrer and recognized by the chancellor in his opinion, does not amount to waiver of an objection to nonjoinder of necessary and indispensable parties on appeal; Moore v. Jackson, 247 Miss. 854, 157 So.2d 785 (1963); Warren v. Clark, supra.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.