481 So.2d 318 (1985)
Albert A. FARRIS, et ux.
v.
Van THOMAS, et ux, Mae B. Branch, and Georgia Hartzog.
No. 55238.
Supreme Court of Mississippi.
December 4, 1985.
Keith Starrett, Starrett & Honea, Magnolia, for appellants.
Joseph M. Stinson, Tylertown, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
DAN M. LEE, Justice, for the Court:
Albert and Edith Farris appeal from the Chancery Court of Walthall County. The appellees, members of the Branch family, filed a complaint in July, 1982, asking for establishment of boundary lines between their property and the adjoining property of the Farrises, and for injunctive relief to prevent the Farrises from interfering with their enjoyment of the property. The case was heard in the Chancery Court.
The two primary issues at trial were: 1) whether the north/south boundary line between one of the Farrises' parcels of land and the Branch family's land should be established by survey, or whether an old fence between the two parcels should be accepted as the boundary; and 2) whether the beginning point for another of the Farrises' parcels of land should be established by survey or by using the end-point of the fence between the properties. The chancellor heard testimony from the parties, various relatives and local landowners, and a surveyor for each side.
The chancellor found that the fence between the properties had been accepted as a boundary for a sufficient period of time to constitute a boundary line between the properties; however, he declined to extend that fence line to establish the beginning point for another of the Farrises' parcels of land. Both parties have appealed, assigning the following as error:
APPELLANTS' ASSIGNMENT OF ERRORS
1. The judgment of the lower court was contrary to the overwhelming *319 weight of the evidence when it accepted a division line between two Quarter Quarter Sections and disregarded the ending point of said line as the beginning point for another 40-acre tract.
2. That the court erred in allowing the surveyor of Appellees to testify notwithstanding the fact that he did not do the survey and was not present when all of the lines were run.
APPELLEES' CROSS-ASSIGNMENT OF ERROR
1. The trial court was manifestly wrong in holding that the fence line was the true boundary line of the South side of the appellants' 15 acre tract.
We find that the determination of the legal boundary between the Farrises and the Branches was a question of fact for determination by the chancellor, whose decision will not be disturbed on appeal unless manifestly in error. Voss v. Stewart, 420 So.2d 761, 765 (Miss. 1982). In this case, the chancellor found one of the surveys to be more persuasive than the other and adopted that survey to establish the boundaries of two of the Farrises' tracts. However, on the third tract, he declined to accept the survey, but adopted the second surveyor's determination that an old fence line was the proper boundary. We find no manifest error in the chancellor's decision. As we held in Mabry v. Winding, 229 Miss. 88, 90 So.2d 175 (1956):
The appellants contend that the old fence line marked the true south boundary of the appellee's land, but if not, then the appellants have acquired title to the land in dispute by adverse possession. Much evidence was introduced by both sides directed to these contentions, and it can serve no good purpose to relate the same in detail. It is sufficient to say that the evidence was conflicting and presented factual issues for the determination of the chancellor. The chancellor on ample evidence resolved these issues in favor of the appellee, and we are unable to say that he was manifestly wrong. We are, therefore, not warranted in disturbing his decision on these issues.
229 Miss. at 94, 90 So.2d at 177.
As to the Farrises' contention that the surveyor for the Branch family was incompetent to testify, we find that this case is controlled by Craft v. Thompson, 405 So.2d 128 (Miss. 1981), wherein we held:
[T]estimony by a surveyor, and his plat of the property surveyed, is admissible so long as the qualifications of the surveyor are established, as well as the quality of the instruments used by him. Factual questions relating to the making of the survey are for the resolution of the chancellor.
Id. at 130.
Finding no manifest error in the chancellor's decision in this case, we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.