767 So.2d 231 (2000)
Dan MATHEWS, Appellant,
v.
William Floyd HALE, Appellee.
No. 1999-CA-00766-COA.
Court of Appeals of Mississippi.
March 21, 2000.
Rehearing Denied May 23, 2000.
Certiorari Denied September 14, 2000.
*232 David R. Sparks, Tupelo, Attorney for Appellant.
Roy O. Parker, Jr., Tupelo, Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
BRIDGES, J., for the Court:
¶ 1. This case involves a boundary line dispute between neighboring landowners, Dan Mathews and William Floyd Hale. The dispute arose over a disagreement as to whether the location of a certain fence is the correct boundary line between the two properties. Mathews asserted that the existing fence is not the correct boundary line, and he filed a complaint against Hale for permanent and continuous trespass. The Lee County Chancery Court rendered a judgment for Hale which ordered that the existing fence line is the boundary line between the land owned by the parties. Mathews appeals and raises the following issue:

I. THE JUDGMENT RENDERED IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE BECAUSE THERE IS NO EVIDENCE ESTABLISHING THE PRESENTLY EXISTING FENCE AS THE MONUMENT DESCRIBED IN THE CORRECTION DEED AND THE QUIT-CLAIM DEED AS THE "OLD FENCE LINE."
Finding no merit to this issue, we affirm.

FACTS
¶ 2. This case is a boundary line dispute between Mathew's southern boundary and Hale's northern boundary. Mathews and Hale both bought their land from R.L. Pannell in 1968. The boundary line in both deeds from Pannell was described as follows:

887 feet south of the Northeast corner of the Southeast Quarter of Section 29, Township 9 South, Range 5 East, Lee County, Mississippi, and thence West to the center of a small ditch.
In 1970, Mathews had his property surveyed and as a result of this survey claimed the property description was incorrect. Mathews went to Pannell and had a correction deed issued which changed the description to the following:
run South 1015 feet to old fence line; thence South 89 degrees 50 minutes West with said fence 435 feet to the center of the ditch.
The property in dispute is 435 feet long and 128 feet wide, almost 1.3 acres.
¶ 3. Mathews asked Hale to sign a quitclaim deed to correct the mistake in the description. Without checking the actual footage, Hale agreed to sign the quitclaim deed. Hale was under the impression that the existing fence was the old fence referred to as the boundary line in the deed description. Mathews, however, claims that the existing fence is not the fence referred to in the deed description. The existing fence is 887 feet south of the northeast corner. Mathews contends that at one time there was another fence located *233 at the 1,015 foot mark. He claims that the fence that does not exist at this time would have been the "old fence" referred to in the description that reads run South 1,015 feet to old fence line.

PROCEEDINGS BELOW
¶ 4. Mathews filed a complaint for permanent and continuous trespass wanting Hale to remove a fence from his property. Mathews then filed a motion for summary judgment which was denied.[1] The chancellor found that the old fence line and the current fence are one and the same. He then analyzed the discrepancy in the property description and found that the old fence line, as a monument, is controlling over the 1,015 feet, which is a distance. After finding that the current fence and the old fence line are one and the same, the chancellor ruled that the fence line is the correct boundary. Mathews has now perfected an appeal of the chancellor's decision.

ARGUMENT AND DISCUSSION OF LAW

I. THE JUDGMENT RENDERED IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE BECAUSE THERE IS NO EVIDENCE ESTABLISHING THE PRESENTLY EXISTING FENCE AS THE MONUMENT DESCRIBED IN THE CORRECTION DEED AND THE QUIT-CLAIM DEED AS THE "OLD FENCE LINE."
¶ 5. Mathews argues on appeal that the judgment rendered is against the overwhelming weight of the evidence because there is no evidence that establishes the currently existing fence as the monument described in the correction deed and quitclaim deed as the "old fence line." More specifically, he contends that (1) the age of the existing fence is inconsistent with it being the monument in the deed, (2) the chancellor made an error in the findings of fact, and (3) evidence was presented at trial that established the existence of an old fence at the 1,015 foot mark. Hale maintains that the evidence presented at trial sufficiently established that the fences are one and the same and is the correct boundary line between the two properties.
¶ 6. On appeal, our standard of review of a chancellor's ruling is limited. This Court applies the substantial evidence/manifest error test to questions of fact. Rawls v. Parker, 602 So.2d 1164, 1167 (Miss.1992). In most boundary disputes, the chancellor is presented with a considerable amount of evidence by both parties which he must evaluate and then make a decision on which side to believe. It is not the position of this Court to redetermine questions of fact resolved by the chancellor. Johnson v. Black, 469 So.2d 88, 90 (Miss.1985). If the record contains substantial, credible evidence to support the findings of fact made in chancery court, this Court will not reverse the chancellor's decision. Id.
¶ 7. In the case sub judice, the question resolved by the chancellor arose from the fact that the descriptions in the corrected deeds contained a reference to the "old fence line." Although there was an existing fence, Mathews claimed that this fence was not the correct boundary line. Mathews presented evidence that at some point in time, another fence existed on the 1,015 foot mark, and he asserted that this was the "old fence line" referred to in the description. On the contrary, Hale presented evidence that the fence at the 887 foot mark is the only existing fence on the property. Hale maintains that this fence has been in existence since before he came into possession of the property. As such, Hale argues that the existing fence is the old fence line referred to in the description.
*234 ¶ 8. The chancellor was presented with conflicting evidence from the two parties. The Mississippi Supreme Court addressed a similar issue in Bell v. Percy, stating the following:
The evidence on the issue as to whether the fence or fence line marked and was recognized as the true boundary lines between the properties was conflicting and the chancellor resolved the issue of fact adversely to the appellant and we cannot say that he was manifestly wrong, and hence we are not warranted in disturbing his finding on this issue.
Bell v. Percy, 214 Miss. 456, 459, 59 So.2d 76, 77 (1952) (citation omitted). The chancellor evaluated the testimony of both parties, a surveyor, a contractor, a forester, and neighbors, as well as photographs and other evidence pertaining to the boundary line. The chancellor found that the existing fence at the 887 foot mark is the same fence referred to in the corrected deed description and is therefore the correct boundary line between the two properties. It is apparent from the record that there is sufficient, credible evidence to support the chancellor's findings, and we cannot say that he was manifestly wrong.
¶ 9. Mathews also correctly points out in his brief that the chancellor stated that the fence was thirty-five years old when in fact the witness, Kevin Stewart, stated that the fence was around twenty-eight years old. However, although the chancellor made an error of fact, this error is not reversible because the remainder of evidence on record overwhelmingly supports the chancellor's findings. Moreover, even if the fence was twenty-eight years old as Stewart testified, the fence would have still been in existence before 1970 when Hale agreed to sign the quitclaim deed that contained the language referring to the old fence line. Stewart, who is a forester, determined the age of the fence by counting the centric rings around a portion of a tree trunk that had grown around the fence. The chancellor not only heard the testimony, but also had the benefit of viewing a photograph of the tree trunk. Further, the record indicates that the chancellor visited the property and viewed the area in dispute. After reviewing all evidence on record, it is clear that the chancellor had ample evidence upon which to base his decision. Finding no error, we affirm the judgment of the chancery court.
¶ 10. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] It should be noted that the only question of fact at issue is the location of the correct boundary line. No claim of adverse possession was made by either party.