861 So.2d 1057 (2003)
James (Jim) Walter SCRIVENER, Appellant,
v.
Lula Fay K. JOHNSON and Jimmy Carl Johnson, Appellees.
No. 2002-CA-01959-COA.
Court of Appeals of Mississippi.
December 16, 2003.
*1058 Taylor Tucker, attorney for appellant.
Ronald Stephen Wright, Ackerman, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY
¶ 1. On August 5, 2000, James Scrivener filed a complaint in the Chancery Court of Oktibbeha County to quiet and confirm title in approximately .5 acres of land, which he contended he had acquired by adverse possession. Additionally, Scrivener sought damages against Fay Johnson, L.P. and Jimmy Carl Johnson for timber trespass and destruction of a fence. Lula Fay K. Johnson was originally a party to the lawsuit; however, she had conveyed the property in question, along with other property in Oktibbeha County, to Fay Johnson, L.P. in 1996. Ms. Johnson was eventually dismissed as a party and the limited partnership was substituted as a party defendant. The Johnsons filed an answer shortly thereafter.
¶ 2. A trial was held on the matter on May 16, 2002. The chancery judge found that the proof was insufficient to establish adverse possession of the parcel in question and denied Scrivener's request for damages. Scrivener now perfects his appeal to this Court, asserting the following issues: (1) the chancery judge erred in not finding that he had acquired the property in question by adverse possession and (2) the chancery judge erred in not awarding him damages, including attorney's fees.

FACTS
¶ 3. Scrivener is the owner of record of the south half of the Southeast Quarter of Section 4, Township 19, Range 12 East, Oktibbeha County, Mississippi. Scrivener obtained this piece of property from his parents in December 1980. His parents had obtained eight-ninths interest in the *1059 property in 1963 and the final one-ninth in January 1978. Scrivener does not live on the property but uses it for recreation and timberland.
¶ 4. The Johnsons are the owners of record of the Northeast Quarter of Section 9, Township 19 North, Range 12 East, Oktibbeha County, Mississippi. These are adjoining parcels, with Scrivener's property directly to the north of the Johnsons' property. The Johnsons do not live on the property but use it for timberland. The piece of property at issue is a .5 acre triangle located in the northeast corner of the Johnsons' property. The disputed property runs 70 feet along Harpole Road, which borders both properties on the east, 700 feet along the boundary line between sections 4 and 9, and then 710 feet along the hypotenuse following an old barbed wire fence.

DISCUSSION OF ISSUES

I. DID THE CHANCERY JUDGE ERR IN NOT FINDING THAT SCRIVENER HAD ACQUIRED THE PROPERTY IN QUESTION BY ADVERSE POSSESSION?
¶ 5. Scrivener contends that the property in question has been used by him since 1980 and his predecessors in title since at least 1935 and therefore he has acquired title to the land by adverse possession. In reviewing the decisions of a chancellor, we look for abuse of discretion. McNeil v. Hester, 753 So.2d 1057(¶ 21) (Miss.2000). This Court will not disturb a chancellor's findings unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard. Rice v. Pritchard, 611 So.2d 869, 871 (Miss. 1992).
¶ 6. Mississippi's adverse possession statute, codified as Mississippi Code Annotated Section 15-1-13 (Rev.2003), reads in pertinent part as follows:
Ten (10) years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title....
For possession to be adverse it must be (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. Rice, 611 So.2d at 871. The burden of proof is on the adverse possessor to establish by clear and convincing evidence that each element is met. Id. In most cases, the underlying question is whether the possessory acts relied upon by the would-be adverse possessor are sufficient to put the record title holder on notice that the lands are held under an adverse claim of ownership. Peagler v. Measells, 743 So.2d 389 (¶ 7) (Miss.Ct.App. 1999). Furthermore, a "land owner must have notice, actual or imputable, of an adverse claim to his property in order for it to ripen against him, and the mere possession of land is not sufficient to satisfy the requirement of open and notorious." People's Realty & Dev. Corp. v. Sullivan, 336 So.2d 1304, 1305 (Miss.1976).
¶ 7. Scrivener lists the following as evidence that the property in question had been under the use and control of him or his predecessors in title: Scrivener's predecessor in title used the land as his own by cutting timber from it in 1978; a road was built on the property in 1978 to remove the timber; Scrivener has used the property as his own by hunting, growing timber, harvesting timber, and planting *1060 seedlings since 1980; and the old barbed wire fence has been in existence since around 1935. However, according to testimony by Tommy Williams, who conducted logging for Weyerhaeuser Company on Hubert Scrivener's (Jim's father) property in 1978-79, Williams built the logging road on part of the Johnsons' property where it left Harpole Road. Williams testified that Weyerhaeuser received permission from the Johnsons to build the road on the property in question. Williams also testified that Weyerhaeuser began to cut timber on the property in question but was told it was not Scrivener's property. Weyerhaeuser ceased cutting timber south of the section line and compensated the Johnsons for the few trees cut.
¶ 8. In 1997, George Bowman purchased timber from Scrivener, but cut no timber south of the section line as he was told the property in question was the Johnsons' property rather than Scrivener's. We note that the timber deeds relating to the logging in 1978 and 1997 make no reference to the particular property in question, rather the deeds mention only land located in section 4. Randy Haynes walked the property in question before the trial in 2002 and noted the surveyed line north of the 1978 logging road. Haynes testified that he had seen hatchet marks on trees denoting the property line. These marks followed the section line and had been there for quite some time. Haynes saw no evidence of pine trees that would have been around twenty years old, but he did see evidence of a fairly recent cut north of the marked line in section 4.
¶ 9. Andy Johnson, Jr., one of the general partners of Fay Johnson, L.P., testified that he was present when a survey was done right after Weyerhaeuser flagged the line. Johnson testified that the survey line was marked by hatchet marks. Johnson also testified that the old barbed wire fence has never been the property line. When Scrivener built a new fence to replace the old barbed wire fence, Johnson took it down because it was on his property.
¶ 10. With regards to the old barbed wire fence, we note that the mere existence of an old fence near the actual boundary line does not establish adverse possession. Davis v. Clement, 468 So.2d 58, 63 (Miss.1985). The chancellor noted in his judgment that there was no proof presented by Scrivener that his predecessors in title constructed the old fence or claimed ownership of the property in question.
¶ 11. In looking at this evidence, the chancellor determined that the activities of Scrivener and his predecessors in title "are not sufficient to meet the burden required of Plaintiff to establish title to this parcel of land by adverse possession." We likewise find that Scrivener has failed to meet any element of adverse possession by clear and convincing evidence. As we cannot find that the chancellor abused his discretion or was manifestly wrong, we affirm.

II. DID THE CHANCELLOR ERR IN NOT AWARDING SCRIVENER DAMAGES, INCLUDING ATTORNEY'S FEES?
¶ 12. The chancellor not only denied Scrivener relief, including attorney's fees, and dismissed his complaint, but also denied the Johnsons' request for attorney's fees and ordered the costs of the action assessed to Scrivener. In his brief, Scrivener fails to mention why he is entitled to attorney's fees. Rather Scrivener states that he is entitled to the cost of repairing the fence he built and the cost of the seven trees Andy Johnson cut down. Scrivener cites Mississippi Code Annotated Section 95-5-10 (Rev.1994) as authority for his argument that any person who takes a tree without the consent of the *1061 owner is liable in an amount double the fair market value of the tree. However, as the chancellor found that Scrivener was not the owner of the property in question by adverse possession, this issue is moot.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF OKTIBBEHA COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.